## Hahn's Appeal.

*Rights of Mechanics' Lien Creditor as against Mortgagee.—Requisites on Liens for Work, &c., under Special Contract.*

Where a building was erected by a mechanic under a special contract, and a lien was regularly filed by him for the balance due upon the contract, within six months from the completion of the building, he is entitled, under the Act 16th April 1845, to receive out of the proceeds of the property, the amount of his lien, in preference to the holder of a mortgage given after the commencement of the building, though the lien was without date as to when the work was done and materials furnished, and only averred that it was "within six months last past."

APPEAL from the Common Pleas of *Franklin county.*

This was an appeal by David Hahn, from the decree of the court below, distributing the proceeds of the sheriff's sale of the real estate of Henry Funk.

The contest was between David Hahn, a mechanic's lien creditor, and Christian Funk, Cyrus Funk, and Henry Funk, mortgagees of Henry Funk, above named. The case was this:—Hahn contracted, in 1856, with Henry Funk, to furnish the materials and build a house for him for $1075. The work was commenced February 4th 1857, some of the lumber furnished in January 1857, the house was put under roof April 1st, and finished in December 1857. Prior to April 24th 1858, Funk had paid Hahn on account, leaving due on that day a balance of $230, for which Hahn filed a lien. The lien was without date, nor did the docket show when it was entered. The time when the work was commenced did not appear in the lien, but was proven before the auditor to be as above stated. A judgment was afterwards recovered on it by *sci. fa.*, and the amount of this judgment, with interest and costs, was claimed before the auditor, out of the proceeds of the sale of the property.

This claim was resisted by the mortgagees above named (whose lien was dated April 1st 1857), on the ground that the mechanic's lien of Hahn was defective and void as to them, because it did not on its face set forth the time when the work was commenced. This was the point made before the auditor, in the court below, and in this court. The auditor rejected the claim of Hahn, and the Common Pleas confirmed the report; whereupon the case was removed into this court by Mr. Hahn, who assigned the decree of the court below for error.

*Reilly* and *Sharpe*, for appellant.—The work in this case was under a special contract, which fact sufficiently appeared on the record, even if it had not been proven: O'Brien *v.* Logan, 9

[Hahn's Appeal.]

Barr 97. The claim is under the Act of 1845, so that the particularity as to time, required by the Act of 1836, is of no consequence here. The distinction on this point made in the latter act, has been recognised by this court: Haly *v.* Paterson, 8 W. & S. 134.

Even under the Act of 1836 it was not necessary to state in the claim when the work was commenced on the building. The first labour done is the commencement of the building : Pennock *v.* Hoover, 5 Rawle 291. The. paper-hanger, who does the last work, need not inquire when the house was commenced. It is a question of fact for the jury when there are intervening encumbrances : Am. Ins. Co. *v.* Pringle, 2 S. & R. 138 ; Hern *v.* Hopkins, 13 Id. 269 ; Pennock *v.* Hoover, 5 Rawle 292 ; Norris's Appeal, 6 Casey 122 ; Dreisbach *v.* Keller, 2 Barr 77.

Nor is it necessary to state in the lien when the *claimant* commenced the work for which his claim is filed, particularly when done under a special contract : Jones *v.* Shawhan, 4 W. & S. 257 ; Dreisbach *v.* Keller, 2 Barr 77 ; Hillary *v.* Pollock, 1 Harris 186 ; Calhoun & Lyon *v.* Maher, 2 Id. 56 ; Boyer *v.* Reeside, 2 Id. 167 ; Baptist Church *v.* Trout, Johnson & Co., 4 Casey 153.

All that it need show on this point is, that it has been filed within six months after the work was finished: Bartlet *v.* Hingan, 7 Harris 341 ; Bearsly *v.* Flanigen, 10 Id. 489 ; Baptist Church *v.* Trout, Johnson & Co., 4 Casey 153 ; Hines *v.* Barr, 7 Leg. Int. p. 54 ; Stiles *v.* Leamy, Id. p. 19.

Nor is it defective for want of date in the claim or the bill, both of them stating, as they do, that the work was done and materials furnished within six months prior to the filing of the lien : Hillary *v.* Pollock, 1 Harris 186 ; Baptist Church *v.* Trout, Johnson & Co., 4 Casey 155 ; McCay's Appeal, 1 Wright 125. But if this was a defect, it has been cured by judgment on the *sci. fa.:* Shaw *v.* Barnes, 5 Barr 18 ; Lauman's Appeal, 8 Id. 473 ; Stiles *v.* Bradford, 4 Rawle 394, 401 ; Tarbox *v.* Hays, 6 Watts 410 ; Haslet *v.* Ford, 10 Id. 101. Knabb's Appeal, 10 Barr, does not overrule Lauman's Appeal, nor does Norris's Appeal, 6 Casey 122.

But if this were not so, the appellees are too late with the point in this court. A motion in the court below to strike off the claim is the proper remedy for such a defect : Lehman *v.* Thomas, 5 W. & S. 262 ; Leybrandt *v.* Eberly, 12 Casey 347.

*Nill* and *Kennedy,* for appellees.—The lien was marked, "filed 24th April 1858," but this registry is not a record : Davis *v.* Church, 1 W. & S. 240. It states that the work, &c., was done within the six months last past; that is, between the 24th of April 1858 and the 24th of October 1857, which could give no

[Hahn's Appeal.]

priority over the mortgage of appellees, endorsed April 1st 1857. It does not appear that there was a specified time when the contract was to be completed for a contract price, so as to make it an entire contract: Baptist Church *v.* Trout, Johnson & Co., 4 Casey 153.

The face of the claim should exhibit or refer to some accompanying paper by which the fact that the work was done or the materials furnished within six months can be verified: Donahoe *v.* Scott, 2 Jones 45. Nor does McCay's Appeal conflict with this authority, for there was a bill in that case containing the dates. The time when the work was done was proven by parol against our consent, because the lien of the mortgages should not be affected by parol testimony. If the lien, as filed, was not prior to the mortgages, it was error to aid it by parol: Rehrer *v.* Zigler, 3 W. & S. 258; Whitman *v.* Walker, 9 W. & S. 183; Noll *v.* Swineford, 6 Barr 187; Norris's Appeal, 6 Casey 122; Hallowell *v.* Armstrong, Leg. Int., June 1st 1860; Gault *v.* Deming, Id., March 15th 1861.

Such an amendment is not admissible: Wilson *v.* Wallace, 8 S. & R. 53; Black *v.* Robson, 11 S. & R. 94; Zimmerman *v.* Brygans, 5 Walker 186; Wood *v.* Reynolds, 7 W. & S. 406.

The opinion of the court was delivered, May 16th 1861, by

WOODWARD, J.—The diligence of counsel has brought before us, in this argument, a very full view of our decisions under the Mechanic's Lien Law. Doubtless there is a good deal of discrepancy between the cases, but it will prove less than it seems when it is remembered that many of the cases were ruled upon the sufficiency of liens, as contested between the immediate parties thereto in the *scire facias* issued for their enforcement, whilst others were upon the effect of such liens as against other lien-creditors. It should be remembered, also, that some of the cases were ruled upon the Act of 1836, others upon the Act of 1845, and subsequent statutes. These diversities will account for very much of the apparent inconsistency of the reasonings in the cases. The questions that arise in a *scire facias* suit on a mechanic's lien are not necessarily the same with those that arise in the distribution of a fund between mechanics or material-men and other lien-creditors of a common debtor. Nor are the cases decided under the Act of 1836 necessarily applicable to cases arising under subsequent legislation.

The question here is one of distribution. Henry Funk's real estate having been sold, the appellant claims to take out of the proceeds a balance of about $230, due him on a claim of $1100, for erecting a brick house on the premises. On the 24th April 1858, he filed his claim in the Common Pleas of Franklin against Funk's building for $230, "being a debt contracted for work,

[Hahn's Appeal.]

viz.: carpenter's work, painting and glazing, and materials, viz., lumber, ironmongery, glass, &c., furnished by the said David Hahn, within six months last past, for and about the erection of said building." This was accompanied with a bill of particulars, in which it was stated "amount per contract for

| | |
|---|---:|
| Said work and materials, . . . . . | $1075 |
| Extra work and materials, . . . . . | 25 |
| | $1100" |

Then follows a credit of $870, and a balance struck of $230. Subjoined to which are these words: "Said work was done and completed within six months last past." A *scire facias* was issued, and a judgment obtained by the plaintiff in 1859.

Thus the lien was fully established as against Funk. But the proceeds of the real estate are claimed by Christian, Martin, and Cyrus Funk, by virtue of a mortgage which Henry Funk, the debtor, made to them of the premises, dated the 1st April 1857. To carry back his lien prior to their mortgage, it was necessary for Hahn to show the commencement of the building. The testimony fixed it as the 4th of February 1857. The witness, Row, who fixed this date, says the house was about being put under roof on the 1st April 1857, and that Hahn did the carpenter work under a contract with Funk.

Such, then, is the case—a contest between lien-creditors in a matter of distribution—the mechanic claiming under a lien that professed on its face to have arisen out of a special contract, and so proved by a witness before the auditor. The 10th section of the Act of 1836 says, that a mechanic's lien shall be preferred to every other lien or encumbrance which attached to the building or ground subsequently to the commencement of such building. Why, then, has he not a lien from 4th February 1857 ?

Because, say the mortgagees, his lien, as entered, did not show the date of the materials furnished and the work done. On this ground alone the auditor and the court set aside the lien, and awarded the fund to the mortgagees.

The 11th section of the Act of 1836, among the other requisites prescribed for a good lien, requires the time when the materials were furnished and the work done. Why? Not as fixing the commencement of the lien, for the 10th section had virtually done that by postponing all other liens that originated after the commencement of the 'building. But I suppose the dates of furnishing the materials and the work were required as tending to show a regular and *bonâ fide* account, and as showing also that the lien was entered within the six months limited by the statute. The legislature had in mind a mechanic or material-man running up a book account against the building, and they meant, when he entered his lien, that he should make an exhibition

of that account. This court thought the statute was intended so exclusively for a mere book account creditor, that they held in Haley *v.* Prosser, 8 W. & S. 133, that where there was a special contract with the owner the statute was inapplicable, and there was no lien. This led to the Act of 16th April 1845, the 5th section of which extends the remedies of the Act of 1836 to creditors who furnished labour or materials under "any contract or agreement for the erection" of the building in question. Under that act this court decided that a lien was good without containing any reference to the special contract, or any specification of items whatever: O'Brien *v.* Logan, 9 Barr 97; Young *v.* Lyman, Id. 449. In Barclay's Appeal, 1 Harris 496, it was said there must be a specification of the *nature* of the work or materials furnished, and of the building intended to be charged. But I am aware of no case in which a lien founded upon special contract, has been set aside for want of dates. We have held it necessary to allege and prove that the work was done within six months before entry of the lien, but where that appears, there is no reason for demanding the dates of the several acts of performance of the special contract. They answer no purpose whatever, either to limit the lien or to conform to the legislation that is applicable to this class of liens. And here the remark applies which was made at the beginning, that the adjudged cases which insist on dates in the instances contemplated by the Act of 1836 are not inconsistent with other adjudications which dispense with dates where the lien is entered by virtue of the Act of 1845.

Without wearily plodding through all the cases, is it not apparent from this allusion to them that the auditor was mistaken in rejecting this lien for want of dates? The record showed that the work was claimed to have been done under a contract; and though I am willing to agree, as was ruled in Norris's Appeal, 6 Casey 122, that neither the record of the lien nor the judgment in the *scire facias* thereon are conclusive against the creditors, yet what more can they claim than that the mechanic should prove *aliunde*, as Hahn did, that he had commenced to build the house under a special contract, and had it ready for roofing when they took their mortgage, and that he entered his lien within six months after he finished the work? He was bound to give them no notice, but the progress of the work on the ground was sufficient to put them on inquiry if they had desired notice of his rights.

It may be said that Hahn's lien is established by parol. It must be admitted. But such is the statute. The lien which it creates originates with the beginning of the building, and that is always proved by parol, and never appears of record. All unrecorded liens are necessarily secret, and it is to be regretted that

we are compelled to tolerate them; but the benevolent purposes of the Mechanic's Lien Law, it is supposed, are sufficient to justify the departure from the general policy of the law.

The decree is reversed, and it is here ordered and decreed that the balance of the appellant's lien be paid out of the fund in court, and that the appellees pay the costs of this appeal.