## Reading *et al. versus* Hopson.

At the time a mortgage was recorded, there was no prior lien against the premises; subsequently, however, a mechanic's claim was filed, and it was alleged that the building was commenced prior to the mortgage and that the lien of the claim antedated the mortgage by reason thereof. The purchaser of the premises at sheriff's sale offered parol evidence of this fact, so as to show that the lien of the mortgage was divested. *Held,* that the court properly rejected this evidence; that as the bidder at the sheriff's sale is not bound to look beyond the record, neither has he any right to affect his relation to others by any such evidence, and that the date of the filing of the lien was conclusive as to all parties.

June 5th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Lycoming county:* Of May Term 1877, No. 163.

Ejectment by George Hopson against Benjamin L. Foster, Symmes H. Reading, James H. Gulick and James H. Gulick, Jr., for a factory and lot of ground in the city of Williamsport.

The Williamsport Fork Factory was sold by the sheriff of Lycoming county, December 1st 1870, by virtue of sundry writs of vend. ex. The property was encumbered by the lien of a mortgage, held by George Hopson for $8000, which was entered of record on the 27th day of January 1868, and, so far as shown by the record, it was the first lien upon the premises. On the 28th of February 1868, a mechanic's lien was entered by Potter & Co. The claim filed was for certain work and materials, such as is usually done at a machine shop, which were alleged to have been done and furnished within six months "last past," for and about the erection and construction of said fork factory building. Upon this claim a judgment was entered, for want of an affidavit of defence, on September 7th 1870, for $562.33.

When the sheriff was offering the property for sale, on sundry writs of vend. ex., which had been issued upon judgments entered after the mortgage, the question arose whether the sheriff's sale would divest the lien thereof. There was nothing upon the record to show that the mechanic's lien related back to a period prior to the date of the judgment obtained thereon. The bill of particulars alleged that the work was done from the 17th of May to the 4th of September 1867; but it nowhere appeared when the building was commenced. The mortgage of Hopson was entered of record

[Reading v. Hopson.]

prior to the entry of any other lien, and unless the claim filed by Potter & Co. related back to a time earlier than January 27th 1868, the lien of the mortgage at the time of the sheriff's sale was "prior to all other liens," and was not divested by the sale.

Whilst the counsel of Hopson were of opinion that the sheriff's sale would not divest the lien of the mortgage, yet, for greater caution, it was thought advisable to have the sale made, with the concurrence of all parties in interest, expressly subject to the mortgage. A notice to that effect was prepared and read by the sheriff. The property was knocked down to Benjamin L. Foster, for $7001. The plaintiff alleged that Foster fully understood that there was an arrangement between all the parties in interest that the property was to be sold subject to the Hopson mortgage; and that Foster bought on this condition.

There was no recital in the sheriff's deed to Foster which showed the property was sold subject to the mortgage. Within a week after the sale Foster sold to Symmes H. Reading. The sheriff made return to the court that he had sold the property, subject to the mortgage, "as per notice hereto attached by H. C. Parsons, attorney for George Hopson." The proceeds of the sale were paid into court, and an auditor appointed to make distribution thereof.

There was no evidence produced before the auditor touching the mechanic's lien of Potter & Co., except what appeared of record; nothing to show when the building was commenced, nor any other evidence showing that their lien antedated the judgment, unless the mere filing of the claim gave them a lien from the time when it was filed, viz., the 28th of February 1868, more than one month after the mortgage was recorded.

The auditor distributed the fund to the liens entered subsequently to the mortgage, and reported that the mortgage was not entitled to any of the money. The auditor's report when filed was excepted to by Symmes H. Reading, in whom the title to the fork factory was then vested by deed from Benjamin L. Foster and wife.

The exceptions were overruled and the report confirmed.

Judgment having been recovered upon Mr. Hopson's mortgage, a writ of levari facias was issued thereon, and the property offered for sale by the sheriff. Notice having been given by James H. Gulick, Jr., to whom the property had been conveyed by Reading, of his claim to the property under the previous sheriff's sale, Hopson bid in the property on his own writ, and the sheriff made a deed to him on the 30th of August 1871. On the 15th of November 1871 he brought this suit.

The plaintiff gave in evidence the mortgage, and the judgment and sale thereon, and after showing the writ rested.

The defendants then gave in evidence the several judgments under which the first sheriff's sale was made, and the proceedings thereon, resulting in a condemnation and sale of the property. All

[Reading *v.* Hopson.]

of these judgments were subsequent to the mortgage of the plaintiff. The return made upon each of the writs of vend. ex. contained the statement that the sale was made subject to the mortgage. This part of the return was read under protest. After showing the sheriff's deed and subsequent conveyances, they gave in evidence a list of liens against the company. The only lien alleged to be prior to the mortgage was that of Potter & Co. The claim was filed more than a month after the mortgage was recorded, but it was urged that the lien related to the date of the first item of the bill.

The defendants offered to prove that the items of materials furnished to the fork manufacturing building, contained in the bill of particulars annexed to the mechanics' lien of Potter & Co., entered February 28th 1868, in mechanics' lien docket to No. 8, April Term 1868, were furnished for the erection and construction of said building at the times contained in said bill of particulars, to wit: commencing May 18th 1867, and continuing from time to time, as designated in said bill of particulars, to the 4th of September 1867, and that said items of work and materials were used in the construction of said building. This offered in connection with the evidence already given for the purpose of showing the date of lien of said claim for materials.

The plaintiff objected that the money raised by the sheriff's sale having been distributed, it is incompetent to affect the plaintiff now by the evidence offered for the purpose for which it was offered. That it is incompetent in this proceeding and in the present state of the evidence for the defendants to prove what they propose to show by this evidence to affect the plaintiff, or prevent his recovery in this case. And, generally, that the offer is incompetent to affect the plaintiff, and irrelevant to the issue.

The court (Gamble, P. J.,) sustained the objection, and rejected the evidence, saying: "I think that the mechanics' lien having been adjudicated and the record completed, you cannot affect it by parol testimony. You cannot change it now, add to it, or diminish it. I think it is not evidence at all. I think it is not proper to admit the character of this lien to be changed by parol testimony."

The verdict was for plaintiff. The defendants took this writ and, inter alia, alleged that the court erred in rejecting the above testimony.

*J. O. Parker, J. Eutermarks, R. P. Allen* and *J. W. Maynard,* for plaintiffs in error.—The mechanics' lien was such a prior lien as would divest the lien of the mortgage.

*Henry C. Parsons* and *Samuel Linn,* for defendant in error.—In the distribution of the proceeds of a sheriff's sale, a judgment in a scire facias on a mechanics' lien is not even prima facie evi-

[Reading v. Hopson.]

dence that it was filed within six months after the completion of the work, so as to give it relation back to the commencement of the building, in a contest with other lien-creditors. As a judgment it ranks merely from its date : Norris's Appeal, 6 Casey 122; McCay's Appeal, 1 Wright 128; Hahn's Appeal, 3 Id. 412.

Chief Justice SHARSWOOD delivered the opinion of the court, June 23d 1879.

Several questions have been raised upon this record which we deem it unnecessary to consider. There is one point which in our opinion disposes of the case. At the time the mortgage of Hopson was recorded there was no prior lien of record against the premises. Subsequently, however, a mechanics' claim was filed, and the allegation is, and the offer was to prove that the building was commenced prior to the mortgage, and that the lien of the claim antedated the mortgage by reason thereof. It did not appear on the face of the claim when the building was commenced. The question then is whether the purchaser at the sheriff's sale can give parol evidence of this fact so as to show that the lien of the mortgage was divested. As between the. claimant and the mortgagee this undoubtedly might have been done, for the reason that if the fact were so the mortgagee was bound to take notice of it. He is affected by the actual state of things on the ground. If when he takes his mortgage a building has been commenced, he knows or ought to know that the liens of mechanics and material men for work done or materials furnished subsequently, will relate back to the commencement of the building. But an entirely different case is presented when the question arises between the mortgagee and the purchaser at sheriff's sale. As the bidder at sheriff's sale is not bound to look beyond the record in determining what he shall bid, and it cannot be shown as against him that a prior lien has been. paid or is not subsisting, so neither can he take advantage of any fact dehors the record to discharge the land from the lien of the mortgage. It is very important that all parties at a sheriff's sale should have a plain simple rule to go by. This principle is very clearly stated in the opinion of the District Court of Philadelphia in Goepp v. Gartiser, 11 Casey 131, which was the case of a mechanics' claim, and was affirmed in this court: " The effect of the lien on a subsequent mortgage must be determined by what appears on its face, irrespectively of what might be shown if the lien were brought before a court and jury for adjudication." At the sheriff's sale the same rule must apply equally to all the bidders, the mortgagee as well as others, without regard to what their private information may be of facts dehors the record. This puts them all upon an equal footing, as the bidder is not bound to look beyond the record, neither has he any right to affect his relation to others by any such evidence. The date of the filing

9 NORRIS—32

[Reading *v.* Hopson.]

of the lien was therefore conclusive as to all parties. Bidders at the sale were not bound to inquire and look up parol evidence outside of it, to determine whether it had relation to a period anterior to the mortgage. The dates in the claims filed were not necessarily the time when the articles were actually furnished to the building, nor evidence that it had then been commenced on the ground. We think, therefore, that the result reached in the court below was right.

Judgment affirmed.