George M. Hilliard *v.* Reuben C. Tustin. James Wilson's Appeal.

*Mortgage—Mechanic's lien—Divesting of lien of mortgage—Act of June 16, 1836.*

Where a mortgage, a judgment and a mechanic's claim are liens upon land in the order named, and the land is sold at sheriff's sale under the judgment, the mortgage is not divested by the sale, where the bill of particulars attached to the claim contains charges for materials furnished prior to the date of the mortgage and the lien does not show on its face when the building was commenced by actual work on the ground : Reading v. Hopson, 90 Pa. 494, followed.

Argued Oct. 15, 1895. Appeal, No. 102, Oct. T., 1895, by James Wilson, from order of C. P. Beaver Co., Dec. T., 1894, No. 5, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report distributing fund raised by sheriff's sale of real estate.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were, (1) in finding as a matter of law that the mortgage of James Wilson was not discharged by the sale upon said judgment; (2) in not finding that said mortgage was payable out of the proceeds of sale after said mechanic's claims; (3) in awarding any of the proceeds of said sale to George M. Hilliard, the judgment creditor.

*Wm. A. McConnel, John M. Buchanan* with him, for appellant.

The time when the material was furnished and not the time when work was actually begun about the erection of the building has always been the test in construing the act of assembly June 16, 1836 : Witman v. Walker, 9 W. & S. 183 ; Rehren v. Zeigler, 3 W. & S. 258; Calhoun v. Mahon, 14 Pa. 56 ; Scholl v. Gerhab, 93 Pa. 349.

*W. J. Mellon,* for appellee.—The mortgage was not divested :

Pennock v. Hoover, 5 Rawle, 291; Reading v. Hopson, 90 Pa. 498; Saunders v. Gould, 134 Pa. 445; Coyne v. Souther, 61 Pa. 457; Meigs v. Bunting, 141 Pa. 240.

OPINION BY MR. JUSTICE FELL, January 6, 1896:

The real estate of the defendant in the execution was subject to the lien of a mortgage recorded May 17, 1893, to the lien of a judgment entered September 1, 1893, and to two mechanics' liens, one filed September 26, 1893, and the other November 11, 1893. It did not appear from the liens when the building was commenced, but the bills of particulars attached to them contained charges for materials furnished prior to the date of the mortgage. A sale by the sheriff took place under the judgment, and the fund realized was paid into court for distribution. The contest before the auditor was between the mortgagee and the mechanic's lien claimants, and the fund was awarded to the latter.

The right of the appellant to participate in the distribution depended upon the question whether his mortgage had been discharged by the sheriff's sale. This was to be determined solely by the record and not by what might have been shown had the liens been before the court for adjudication: Goepp v. Gartiser, 35 Pa. 130; Coyne v. Souther, 61 Pa. 455; Meigs v. Bunting, 141 Pa. 233. The importance of a fixed rule by which bidders at a sheriff's sale may be guided and the rights of purchasers determined has been uniformly recognized and upheld in our cases. The purchaser was not bound to look beyond the record, and was not affected by, and could not affect others by, anything beyond it. It could not have been shown by parol evidence that the liens related back to a time which antedated the mortgage, and the dates in the claims did not have that effect. The date of the filing was therefore the date of the lien: Reading v. Hopson, 90 Pa. 494. Had the mortgage been discharged a different case would have been presented, and the priority of lien might have been shown by parol evidence.

The learned auditor was right in holding that the question before him was ruled by Reading v. Hopson, supra.

The judgment is affirmed.