## William N. Reynolds, Appellant, *v.* Peter A. Miller et al.

[Marked to be reported.]

*Mechanics' liens—Mortgage—Discharge of mortgage—Assignee's sale.*

Where a mortgage recites the existence of certain buildings upon the mortgaged premises, and there are mechanics' claims filed subsequent in date to the mortgage, showing on their face that material and work was furnished for the buildings prior to the date of the mortgage, a purchaser at a sheriff's or assignee's sale of the premises may assume that the lien of the mortgage will be discharged by the sale.

Argued Feb. 24, 1896. Appeal, No. 107, Jan. T., 1896, by plaintiff, from order of C. P. Wyoming Co., Jan. T., 1894, No. 18, sustaining exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Reversed.

Exceptions to auditor's report distributing funds raised by assignee's sale of real estate.

The case was referred to William M. Post, Esq., who reported the facts to be as follows:

A. P. Miller and Mrs. A. M. Mack (wife of H. A. Mack) entered into copartnership under the title or firm name of The Tunkhannock Manufacturing Company, for the purpose of erecting a factory building and prosecuting the business of manufacturing " spools."

To this end they purchased a tract of land, comprising about three acres, situate in the borough of Tunkhannock, being the same property from the sale of which the real estate fund for distribution is derived.

On the 9th day of March, 1893, the title to the said land was conveyed by deed to the said A. P. Miller and A. M. Mack individually—or as tenants in common—and not as partners. On the next day, March 10, 1893, the work of erecting a factory building was commenced upon the ground. In the prosecution of this enterprise a large indebtedness was incurred by the said parties, both separately and jointly, as individuals as well as in the name of the " Tunkhannock Manufacturing Company."

On the 13th day of June, 1893 (when the building was nearly completed and being furnished with steam power and machinery requisite for the operation of the factory), the said A. P. Miller and A. M. Mack gave a mortgage upon the premises to Peter A. Miller (father of A. P. Miller), for the sum of $4,000. The next lien is a judgment in favor of Peter A. Miller for $465 against A. P. Miller, A. M. Mack and H. A. Mack, entered November 1, 1893. Same day judgment (Peter A. Miller against A. P. Miller) for the sum of $2,500 was entered. Other judgments were entered later,—some were entered after the assignment, which, of course, are only evidences of indebtedness and not liens upon the spool factory.

The Tunkhannock Manufacturing Company failed in business, and on the 22d day of November, 1893, the said A. P. Miller and A. M. Mack made a general assignment of their individual, as well as partnership property, for the benefit of their creditors to C. O. Dersheimer.

There were no mechanics' liens on record at this time but shortly afterwards a large number of claims were filed against the factory building. In none of them was the date of the commencement of work on the building stated, but nearly all of the items, shown by the bills of particulars, antedated the mortgage. (It may be well to explain that most of these liens are on record in three forms or separate entries. In all of these forms the name of A. P. Miller and A. M. Mack are given as owners, but, as a precaution against misnomer, a different name is used as contractors in each of the forms.) Sci. fas. were issued on all these mechanics' liens, but no judgments have been taken and the suits are still pending. These claims were all filed within six months after their last items are made up in the form prescribed by law, and are admitted by all parties to be good and valid liens as against the defendants therein and the property for the amounts claimed by them. (Except a small deduction agreed upon, and that costs should only be taxed on one "form" in each lien.)

A full abstract of the records of the deeds, mortgage, judgments and mechanics' liens hereinbefore referred to, was made up, admitted to be correct, and received as evidence by the agreement of all parties. This abstract is hereto attached (or filed herewith) and reference is made to it, if more particularity is desired in relation to matters shown therein.

It was also admitted that the judgments recited in said abstract were all correct and that the amounts were due upon them as shown by the record. It was further agreed in reference to the mechanics' liens that the assignee might at once pay eighty per cent of the principal due upon each of them. The assignee has made such payments and presented to the auditor receipts for the same, which are hereunto attached.

The spool factory was sold by the assignee under an order of court and the sale was confirmed finally on the 9th day of May, 1894.

### CONCLUSIONS OF LAW.

1. That the lien of the mortgage of Peter A. Miller, assigned to and now owned by Wm. N. Reynolds, was divested by the assignee's sale of the mortgaged premises and is entitled to participate in the distribution of this fund.

2. That the mechanics' liens, claiming to be paid out of the fund, are legal and valid, relate back to the commencement of the building (which has been fully proved by parol evidence to have been before the entry of the mortgage) and have, therefore, priority of lien over the mortgage as well as over all the judgments presented to the auditor.

3. That the fund arising from the sale of real estate should be awarded first to the mechanics' liens, next to the mortgage, and lastly to the judgments.

The court in an opinion by DUNHAM, P. J., sustained exceptions to the auditor's report, held that the mortgage was not divested by the assignee's sale and distributed the fund first to the mechanics' liens and then to the judgments.

*Errors assigned* were in sustaining exceptions to auditor's report.

*W. E. Little* and *James W. Piatt*, with them *C. A. Little* and *James F. Frear*, for appellant.—This mortgage was not under protection, from divestiture, of the act of 1830, P. L. Dig. 1584, and its supplements because the lien was not " prior to all other liens upon the same property: " Handy's Est., 167 Pa. 552; Hahn's App., 39 Pa. 409.

These mechanics' liens appeared by their face to extend back beyond the date of the mortgage, and the sale therefore passed the title to the land freed from the lien of the mortgage: Harper's App., 4 W. N. C. 49; Parrish's App., 83 Pa. 111. The mortgagee was put upon inquiry: Parke v. Neely, 90 Pa. 52; Cohen's App., 10 W. N. C. 544; Albright v. Association, 102 Pa. 411. The date of commencement of the building and the consequent attaching of the lien is not required by the act to be set out, and the court cannot add to the requirements of the act: Gordon v. Torry, 15 N. J. Eq. 112.

The lawmaking power has seen fit to say that purchase money mortgages, like mechanics' liens, shall relate from a time previous to their filing; a time resting wholly in parol. A rule as to the admission would apply with equal force to one as to the other: Hendrickson's App., 24 Pa. 363; Mitchell v. Hamilton, 8 Pa. 486; Bittinger's App., 6 W. N. C. 231; Bank v. Chester, 11 Pa. 282; Ruth's App., 20 W. N. C. 375; Williamsport

Bank's App., 91 Pa. 163 ; Scull's App., 115 Pa. 141 ; Yearsley v. Flannigan, 22 Pa. 489 ; Schrader v. Burr, 10 Phila. 620 ; Bird v. Shirk, 2 Leg. Ch. 159 ; Dinkle's Est., 1 Pearson, 213 ; Dewitt's App., 76 Pa. 283 ; Werth v. Werth, 2 Rawle, 151 ; Appeal of the Germania Bank, 95 Pa. 329 ; 3 Trickett on Liens, 39.

The mortgage, not being under the protection of the statute, was discharged by the sale, and is therefore entitled to be paid out of the fund : Sheaffer's Est., 6 Pa. C. C. 147 ; Kurt's App., 26 Pa. 465 ; Mather v. McMichael, 13 Pa. 301 ; Koons v. Hartman, 7 Watts, 20 ; Custer v. Detterer, 3 W. & S. 28 ; Frost v. Holmes, 11 W. N. C. 442 ; Girard Ins. Co. v. Bank, 57 Pa. 388 ; Rittispaugh v. Lewis, 103 Pa. 1 ; Mevey's App., 4 Pa. 80 ; Cowan v. Getty, 5 Watts, 531 ; Clarke v. Stanley, 10 Pa. 472 ; Ridgway v. Longaker, 18 Pa. 215 ; Franklin v. Mackey, 9 L. Barr, 197 ; Tower's Appropriation, 9 W. & S. 103 ; Ashmead v. McCarthur, 67 Pa. 326 ; Tospon v. Sipe, 116 Pa. 588 ; Douglass's App., 48 Pa. 223.

*John A. Sittser* and *E. J. Jorden,* with them *D. C. Dewitt* and *Chas. E. Terry,* for appellees.—The case is ruled by Wilson's Appeal, 172 Pa. 354.

The dates of the items in the bills of particulars in the mechanics' liens were not evidence of the time when the building was commenced : Reading v. Hopson, 90 Pa. 498.

The mortgage creditor is protected by the record and no better protection is needed : Cook v. Hoffman, 6 Montg. 176 ; Clarke v. Stanley, 10 Pa. 472 ; Coyne v. Souther, 61 Pa. 455 ; Reap v. Battle, 4 Kulp, 453 ; Indiana Co. Bank's App., 95 Pa. 503.

Only those creditors whose liens are discharged by the sale can have any standing in the distribution of its proceeds : Douglass's App., 48 Pa. 223 ; Indiana Co. Bank's App., 95 Pa. 500 ; Wagner's App., 98 Pa. 77.

OPINION BY MR. JUSTICE GREEN, October 5, 1896 :

If the mechanics' liens claims in this case had been entered of record before the mortgage was entered, as a matter of course the mortgage would not have been the first lien, and it would have been divested by the sale. It seems to be conceded in the

several cases that have been before us, that if the liens had disclosed on their face, the date of the commencement of the building in question, they would in legal contemplation have been prior liens although not filed until after the mortgage was recorded, and the mortgage would have been discharged. If the mortgagee had received distinct notice of the commencement of the building before he took or entered his mortgage, it is difficult to understand why he would not be bound by such notice, just as much as he would have been bound by notice of a prior unrecorded mortgage by such a notice. As to the latter class of liens the law is so thoroughly well settled by an unbroken line of decisions that it is not necessary to cite them. A mere reference to a few of them is sufficient: Britton's Appeal, 45 Pa. 172; Lahr's Appeal, 90 Pa. 507; Phillipsburg Sav. Bank's Appeal, 10 W. N. C. 265.

Now in the present case it happens that the mortgage which was taken by Peter A. Miller, and which is claimed to be the first lien, contains a distinct recital of the buildings on the land bound by the mortgage, including the factory building in question. The words of the mortgage are, " The improvements on said land are as follows, to-wit; two dwelling houses and one barn and one factory building, including all the machinery therein, engine and boiler attached thereto." As there is no pretense that there was more than one factory building on the premises, the mortgagee had distinct notice of its existence prior to the date of his mortgage. If there were any question upon this subject it would have to be left to the jury to determine. So far then as the mortgagee is concerned he had distinct notice by his mortgage that the building had been, at least commenced, before he took his mortgage. He also had notice because of the visible erection of the building which was proceeding on the ground. In Reading v. Hopson, 90 Pa. 494, we said, SHARSWOOD, C. J., " It did not appear on the face of the claim when the building was commenced. The question then is, whether the purchaser at the sheriff's sale can give parol evidence of this fact so as to show that the lien of the mortgage was divested. As between the claimant and the mortgagee this undoubtedly might have been done for the reason, that if the fact were so, the mortgagee was bound to take notice of it. He is affected by the actual state of things on the ground. If when

he takes his mortgage a building has been commenced, he knows, or ought to know, that the liens of mechanics and material men for work done, or materials furnished, subsequently, will relate back to the commencement of the building. But an entirely different case is presented when the question arises between the mortgagee and the purchaser at sheriff's sale. As the bidder at sheriff's sale is not bound to look beyond the record in determining what he shall bid, and it cannot be shown as against him that a prior lien has been paid or is not subsisting, so neither can he take advantage of any fact dehors the record to discharge the land from the lien of the mortgage. It is very important that all parties at a sheriff's sale should have a plain simple rule to go by. . . . At the sheriff's sale the same rule must apply equally to all the bidders, the mortgagee, as well as others, without regard to what their private information may be of facts dehors the record. This puts them all upon an equal footing, as the bidder is not bound to look beyond the record, neither has he any right to affect his relation to others by any such evidence."

Upon the foregoing reasoning we held that the purchaser at the sheriff's sale was not bound by the constructive knowledge of the mortgagee, and he could not show by parol testimony the fact of the commencement of the building before the mortgage was taken, in order to discharge the lien of the mortgage by proving a prior lien. Following this ruling we held the same doctrine in Wilson's Appeal, 172 Pa. 354. But the whole force of the ruling is based upon the proposition that the prior commencement of the building did not appear upon the record at the time of the sheriff's sale, and therefore the bidder was not bound to regard the fact, and his title must be adjudged by the state of the record as he found it. In the present case however this reasoning is inapplicable. The face of the record did show affirmatively, and positively, that the building, or a building of the character described in the claims, was erected on the ground before the mortgage was given. And it is the record of the mortgage itself which contains this information. An intending bidder therefore upon examining the record before his bid was made would find precisely the facts which would, or might, discharge the lien of the mortgage by the sale. Having this knowledge apparent upon the record before

the sale, he would have a right to presume that the law would apply, and if there were liens filed before the sale which antedated the mortgage, the lien of the mortgage would be discharged. Now the property was not sold by the assignee until the 9th of May, 1894, but the mechanics' liens were filed as early as November, 1893, and shortly thereafter. So that there was ample time for the bidder, and all other persons to examine the records, and learn the precise facts long before the sale. The lien claims were all spread upon the record and they disclosed the character of the building and all the particulars of materials, machinery and labor furnished in and about the erection of the building. Some of the liens showed that materials and labor were furnished before the date of the mortgage. In these particulars the case differs from Reading v. Hopson and Wilson's Appeal, and is brought within the operation of Hahn's Appeal, 39 Pa. 409, when, the question being one of distribution, just as here, it was held that the lien of the mortgage was discharged though the claims of lien were not filed until after it was recorded. It also appears that no distribution was allowed upon the bond which was secured by the mortgage, which also was erroneous. We are of opinion that the decree of the learned court below should be reversed, and that the fund should be distributed in accordance with the first report of the auditor.

The decree of the court below is reversed at the cost of the appellees, and the record is remitted with direction to distribute the fund in accordance with the first report of the auditor.