# E. B. Wheelock *v.* Henry Harding, Appellant.

*Liens—Priority of—Mortgage—Mechanic's lien—Parol evidence.*

Where at the time a mortgage was recorded the record disclosed no prior lien against the premises, parol evidence is inadmissible to show that the materials were furnished prior to the date of the mortgage for which a mechanic's lien was filed of a date subsequent to the mortgage. The date of the filing the lien is conclusive, and a purchaser at sheriff's sale was not bound to look beyond the record : Reading v. Hopson, 90 Pa. 494, followed.

*Practice, C. P.—Mortgage—Judgment in short form, when valid.*

A judgment entered generally in short form against the terre-tenant who had been summoned in a scire facias is valid, and will sustain a levari facias where the scire facias was regularly issued and the land bound by the mortgage fully described therein, there being in the scire facias the materials out of which the judgment can be entered at length : Coyle v. Reynolds, 7 S. & R. 328, followed ; Wilson v. McCullough, 19 Pa. 77, distinguished.

*Mortgage—Neglect of prothonotary to notify recorder of sci. fa.—Title of sheriff's vendee.*

The neglect of a prothonotary to furnish the recorder with the certificate of the issuing of a scire facias upon a mortgage for entry on the record of the mortgage, as provided by the Act of April 3, 1860, P. L. 630, does not affect the title acquired by the sheriff's vendee under a sale on the judgment entered on the scire facias.

*Deed—Time of delivery—Parol evidence.*

The face of a deed cannot show the time of its delivery ; if it becomes essential to prove such time of delivery it can only be done by parol evidence which is therefore admissible.

Argued Jan. 20, 1897. Appeal, No. 42, Jan. T., 1897, by defendant, from judgment of C. P. Wyoming Co., Jan. T., 1894, No. 84, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Ejectment. Before DUNHAM, P. J.

The plaintiff claimed title to the land in question by virtue of purchase by him at a sheriff's sale thereof on November 11, 1893, by writ of levari facias issued on a judgment for $342.12, taken and entered January 17, 1891, in proceedings of scire facias sur mortgage.

22     WHEELOCK *v.* HARDING, Appellant.

Statement of Facts—Assignment of Errors. [4 Pa. Superior Ct.

This mortgage was given by Milton Penrith to Chauncey Benson, and was recorded December 28, 1886.

The defendant showed a sheriff's sale and deed to him, made December 4, 1891.

He also offered in evidence the mechanic's lien docket, which showed a mechanic's lien, which, on its face, appeared to antedate the lien of the mortgage by at least ten days, in that it was for lumber furnished December, 18, 1886, for the erection of a house on the lot described, which claim was filed within the statutory period on January 22, 1887.

The jury found the verdict for plaintiff for the land described in the writ, subject to the opinion of the court upon the sufficiency of the record of the sci. fa. sur mortgage, and the proceedings thereon, to carry title to the plaintiff under the sheriff's sale, and deed to him, given in evidence on the part of the plaintiff. The court subsequently entered judgment for the plaintiff on the point reserved, filing no opinion.

*Errors assigned* were (1) rejection of parol evidence to show the date of the commencement of the buildings described in mechanic's lien, which was filed on a subsequent day to the date of the record of the mortgage; (2) in rejecting evidence offered by defendant to show that he purchased the property in dispute on November, 1886, and immediately went into the possession thereof; that the contract of purchase was in writing and that the witness had made diligent search for said contract and was unable to find it. This for the purpose of showing the actual date of purchase, so that the purchase will appear to have been made previous to the furnishing of material mentioned in the mechanic's lien offered in evidence; (3) in admitting evidence offered by plaintiff as follows : " Q. State whether you got your deed at the same time you executed the mortgage ? " This for the purpose of proving that as a matter of fact the deed in question was executed and delivered to the witness before the hour of 2 o'clock; that is, before the mortgage was recorded, the mortgage books in this county mentioning the hours. To which counsel for the defendant object that parol evidence cannot be received to explain, extend, aid or alter the lien of the mortgage, nor to show when it began; (4) in its answer to the defendant's first point, the point and answer thereto being :

" That it is presumed that the first sheriff's sale, at which Henry Harding bought the land, divested all liens upon the property, and the burden is upon the plaintiff to show that it comes within the exception." *Answer :* This, gentlemen, is true, but we say to you that under the evidence in the case the plaintiff has shown, prima facie, that his mortgage has a first lien. (5) in refusing to affirm the defendant's second point and answer thereto being : " That the plaintiff has failed to prove that this mortgage was a first lien and therefore within the exception." *Answer :* This we do not affirm. We think that the fact the evidence shows it was a first lien, it was incumbent upon the defendant to show it was not, if he desired to raise that objection. (6) in refusing to affirm the defendant's third point, the point and answer thereto being : " That at the time of the first sheriff's sale the mechanic's lien was the first lien upon the land." *Answer :* That we do not affirm. (7) in refusing to affirm the defendant's fourth point, and in answering as it was answered ; the point and answer being as follows : " That the mechanic's lien upon its face appeared to antedate the lien of the mortgage." *Answer :* This point we do not affirm. The mortgage, upon its face, antedates the mechanic's lien. (8) in refusing to affirm the defendant's sixth point, the point and answer thereto being : " That as such purchaser [see fifth point : ' That the defendant having purchased this land nearly two years before the second sale of the plaintiff, and not having been warned by sci. fa. sur mortgage or by alias, he may now interpose any and the same defense he might have made to the mortgage, or the proceedings on the sci. fa., had he been made a party thereto,'] he may take advantage of any defects in the record or the proceedings on the sci. fas." *Answer :* This point we do not affirm. (9) in admitting evidence, on behalf of the plaintiff, of the record and files in No. 43, January term, 1891, contained among the records of Wyoming county continuance docket, No. 27, page 589, the defendant objecting that the judgment and proceedings thereon were not sufficient to connect them with the mortgage that has been given in evidence ; (10–12) in refusing to hold that the judgment of the sci. fa. sur mortgage was irregular ; (13) in saying to the jury in the general charge, as follows : " And the evidence shows that the mortgage was a first lien upon the land. The plaintiff, therefore, was entitled

to issue his scire facias, and the deed under it conveyed title to him." (14, 15) in directing the verdict for the plaintiff subject to the opinion of the court upon the point reserved.

*E. J. Jorden*, *W. E. Little* and *C. A. Little*, for appellant.— The mechanic's lien originated on December 18, 1886, and related back to the first stroke of pick and shovel: Denkel's Est., 1 Pearson, 213.

The record of the mechanic's lien should have been admitted in evidence, and the defendant allowed to produce parol evidence of knowledge by the mortgagee before he made his loan, of such facts as showed that he knew that Stark then had a lien on the building: Scull's App., 115 Pa., 141; Schraeder v. Burr, 10 Phila. 620.

Whatever puts a party upon an inquiry amounts in judgment at law to notice: Hottenstein v. Lerch, 104 Pa. 454.

A purchaser at a sheriff's sale looks to the record for mechanics' liens, and if they appear to be valid and subsisting he is not bound to look farther: Goepp v. Gartiser, 35 Pa. 130.

A purchaser under a mechanic's lien had the right in the absence of notice to assume that the liens were as they appeared upon the record, and the judgment docket was the criterion: Saunders v. Gould, 134 Pa. 445.

A mechanic's lien being entered within the period regulated by law, the mortgagee is bound to take notice of it:. Albright v. Assn., 102 Pa. 411.

This lien antedated every lien whether a mortgage or a judgment, which attached subsequently to the commencement of the building, like this mortgage did: Parrish's App., 83 Pa. 111; Germania Bank, 95 Pa. 329.

The recital in the mortgage that there was a building on the premises was sufficient notice: Reynolds v. Miller, 177 Pa. 168.

A scire facias sur mortgage is a proceeding in rem, to have the land sold for the debt secured by the mortgage: Ridgway v. Longaker, 18 Pa. 215, and it was grave error to allow the sale to relate back, by virtue of process issued on the judgment entered in the short form in this case, which did not disclose whether it was a judgment upon a sci. fa.: Wilson v. McCullough, 19 Pa. 77.

*James E. Frear* and *Charles E. Terry*, for appellee.—When it is a question of the divestiture of the lien of a mortgage, parol evidence is not admissible to show the date of the commencement of a building described in a mechanic's claim: Reading v. Hopson, 90 Pa. 494; Hilliard v. Tustin, 172 Pa. 354; 2 Trickett on Liens, sec. 842.

All bidders at a sheriff's sale must stand upon an equal footing. The record is conclusive upon all as to the priority of liens at the time of the sale, and all are concluded by the record: Cayne v. Souther, 61 Pa. 455.

As to the sufficiency of the judgment on the scire facias sur mortgage, see, Murray v. Weigle, 118 Pa. 159; Dorris v. Erwin, 101 Pa. 239; Cooper v. Borrall, 10 Pa. 491.

The short form of judgment is sufficient on a scire facias sur mortgage; 1 Trickett on Liens, sec. 158; see also Brotherline v. Mallory, 8 Watts, 132; Lewis v. Smith, 2 S. & R. 155.

As to the neglect of the prothonotary to certify to the recorder that a sci. fa. had been issued on the mortgage; it is a mere clerical duty of the prothonotary, and the object of the certificate is set forth in the second section of the act requiring the certificate: Act of April 3, 1860, P. L. 630.

OPINION BY BEAVER, J., February 16, 1897:

This is an action of ejectment in which both parties claim title through deeds made in pursuance of sheriff's sales made at different times. The deed of the defendant is dated December 4, 1891, and, in point of time, is the older of the two. The allegation of the plaintiff is that the sale made by the sheriff in pursuance of which this deed was made did not divest the lien of a mortgage given by Milton Penrith, the then owner of the land, to one Chauncey Benson. This mortgage was entered and filed for record December 28, 1886. A mechanic's lien was entered against a building erected upon the same land in the lien sufficiently described. The judgment, upon which the sale was made, was subsequent to the mechanic's lien. In answer to the allegation of the plaintiff that the lien of the mortgage was not divested by the first sale, the defendant replies: true it is that the mechanic's lien was actually filed January 22, 1887, but, upon the face of the lien, it appears that the materials were furnished for the erection of the building

referred to December 18, 1886, ten days before the entry of the mortgage. It is conceded that the plaintiff, who purchased the property in controversy at the second sale, is bound by the records as they existed on November 11, 1893, the date of the last sale, his duty to examine the records being emphasized by a notice given by the defendant at the time of the sale that "the mortgage judgment and levari facias upon which the same (the land in controversy) is advertised for sale are not a lien thereon."

Five distinct questions are raised by the fifteen assignments of error which are disclosed by the record. 1st. Was parol evidence admissible to show the date of the commencement of the building described in the mechanic's lien? And, if not, 2d. Did the mechanic's lien on its face show that it antedated the mortgage, so that a judicial sale made upon a writ issued on a judgment whose lien was subsequent to both would divest the mortgage? 3d. Was the judgment entered on the scire facias issued upon the mortgage such as would support a levari facias and a sale thereunder? 4th. Did the neglect of the prothonotary to furnish the recorder with a certificate of the issuing of the scire facias upon the mortgage for entry on the record of the mortgage in his office affect the title acquired by the plaintiff under the sale on the judgment entered in the said scire facias? 5th. Was parol evidence admissible to show that the deed by which the mortgagor acquired title was delivered to him, before the mortgage was recorded?

The first two propositions are, we think, fully answered in the case of Reading v. Hopson, 90 Pa. 494. The facts of that case are so entirely similar to the one under consideration that we are not left in doubt as to our duty in the premises. We are not called upon to explain or to justify the decisions of the Supreme Court. Our duty is simply to follow them, and this duty is emphasized by the fact that this case has been fully and distinctly followed in Hilliard v. Tustin, otherwise quoted as Wilson's Appeal, 172 Pa. 354. It is alleged by the appellant that these cases have been modified by Reynolds v. Miller, 177 Pa. 168. An examination of the latter case, however, discloses the fact that Reading v. Hopson, supra, is distinctly followed and approved therein and the lien in that case was held to antedate the mortgage, although entered subsequently, because the

mortgage itself specifically describes the building erected on the land against which the lien was filed. The recital in the mortgage gave distinct and express notice to the purchaser at sheriff's sale, and upon this ground the case is distinguished from Reading v. Hopson and Wilson's Appeal, supra. It is true, as claimed, that the mechanic's lien filed in this case did show that materials were furnished prior to the date of the lien of the mortgage, but whether the building was commenced before or after that time or whether the materials were delivered upon the premises at the time at which they were charged does not appear, and the entry of this date, therefore, conveyed no notice of any kind as to commencement of the building to the plaintiff, who was the purchaser at the last sheriff's sale.

It has been seriously and strenuously urged by the appellant that the judgment entered in the scire facias upon the mortgage would not support a writ of levari facias and a sale made in pursuance thereof, and that the plaintiff's title must, therefore, fail. The record shows that a writ of scire facias upon the mortgage, dated December 28, 1886, and recorded in the office for the recording of deeds in Wyoming county, in mortgage book No. 3, page 693, etc., was issued. The writ of scire facias is set forth in extenso in the appellant's paper-book, and contains a description of the land described in the mortgage. The writ was returned served on January 17, 1891, judgment was allowed in open court; same day prothonotary finds due $342.12 and costs ; thereupon judgment. Subsequently, on February 23, 1891, Milton Penrith, the mortgagor, agreed with Mary B. Marcy, to whom the mortgage and judgment had been assigned "that the judgment entered in the above case shall be as binding and valid as if entered on a verdict of a jury, and I hereby ratify the same." The objection which the appellant makes to this judgment is, that it is not entered in accordance with the provisions of the 6th section of the act of 1705, 1 Sm. L. 57, which prescribes the form of judgment to be entered in such cases. The early case of Coyle v. Reynolds, 7 S. & R. 328, in which a judgment had been rendered generally in short form against terre-tenants who had been summoned in a scire facias, seems to be in point, and is applicable to the present case. There has been no departure from the practice recognized in that case in Pennsylvania. In general, that is certain which is capable of being

rendered certain, and there is upon the record of the scire facias of the mortgage in this case sufficient to show what the judgment entered by the prothonotary means, and what the effect of it should be. If the plaintiff in that judgment were endeavoring to enforce its provisions against the defendant therein, she would doubtless be restricted, upon application by the defendant to the proper tribunal, to the lands described in the writ of scire facias. The appellant quotes and strongly insists upon the case of Wilson v. McCullough, 19 Pa. 77, as modifying the doctrine of Coyle v. Reynolds, supra, but an examination of that case shows that the præcipe for the scire facias did not describe the land, and that no writ of scire facias did in fact ever issue. There was nothing upon the record, therefore, by which the judgment which was general could be limited, and for that reason it was held that it would not support a levari facias. This is a very different state of facts from that which exists in the present case. Here the scire facias was regularly issued, and the land bound by the mortgage is fully described therein. There is, therefore, in the record of this scire facias the materials out of which the judgment can be entered at length, and the sale made upon the levari facias issued thereon is, in our opinion, valid.

The Act of April 3, 1860, P. L. 630, "Relative to proceedings upon mortgages and recognizances," is not difficult of interpretation. The 2d section clearly shows its object. It is to provide for the benefit of the defendant in the action a satisfaction of the mortgage or recognizance, without a formal entry thereon by the mortgagor or other person interested. That a failure on the part of the prothonotary to make such a return, or of the recorder to enter it upon the record of the mortgage, if made, should affect the title to real estate, certainly did not enter into the mind of the legislature, and we are entirely unwilling to give such effect to its provisions. It imposes no duty whatever upon the purchaser at a sheriff's sale. The duty imposed by the act is purely clerical. The defendant in the suit upon the mortgage or recognizance would seem to be the only person interested in having it done, and the only penalty which could be visited upon the prothonotary or recorder for a failure to comply with the provisions of the act would seem to be the loss of the fees which are therein provided for the discharge of the duty.

There was no error in admitting parol evidence to prove the time of the delivery of the deed from Mary A. Wall to Milton Penrith. In what other way could it be proved? The delivery of a deed is an act. The fact of its delivery does not appear upon the deed itself, nor can the record of it show the time of its delivery. If necessary to be proved, it can in general be done only by parol.

A careful examination of the whole case reveals no error in the trial, and the assignments of error are, therefore, all overruled, and the judgment is affirmed.