## Laurelton State Bank v. Boeger.

*John G. Love*, for exceptants, mechanics' lien claimants.

*N. B. Spangler* and *Ivan Walker*, for plaintiff mortgagee, contra.

FLEMING, P. J., Jan. 16, 1929.—Exceptions have been filed to the return of the sheriff, wherein it is generally contended that the plaintiff is not entitled to any part of the proceeds derived from the sale of the defendant's real estate under writ of *levari facias* to No. 29, May Term, 1928, but that such moneys belong *in toto* to the exceptants by virtue of their respective mechanics' liens filed.

The parties have been accorded a hearing and testimony has been taken. Further, a stipulation has been filed, in which all parties concur, and which has been approved by the court and followed in our disposition of the exceptions filed.

No requests for findings of fact or conclusions of law have been made by any of the parties concerned. The court, however, in order to properly reach the necessary conclusions to dispose of the exceptions, has arrived at the following

## Findings of fact.

1. The plaintiff is a banking institution, doing a general banking business, and is incorporated under the laws of the Commonwealth of Pennsylvania, having its place of business at Laurelton, Union County, Pennsylvania.

2. The defendant was the owner of real estate in the Borough of State College, Centre County, Pennsylvania, and resided, when last heard from, in the State of New Jersey, his exact address being unknown to any of the parties hereto.

3. The exceptants, Homan & Hafer, Klinger & Hafer and Harry Gunter & Son, are workmen and materialmen, who supplied labor or materials to a building erected upon real estate of the defendant in the Borough of State College aforesaid.

4. That the exceptants, Harry Gunter & Son, filed their mechanic's lien against the defendant and against the real estate described in the plaintiff's mortgage, hereinafter mentioned, to No. 105, February Term, 1927, M. L. D., in the sum of $409.90, with interest from Oct. 21, 1926, the date of such filing being Feb. 1, 1927, a lien being claimed from June 19, 1926, "the date of visible commencement upon the ground of the beginning the work of building."

5. That R. B. Taylor, not an exceptant in this proceeding, filed his mechanic's lien against the defendant and against the real estate described in the plaintiff's mortgage, hereinafter mentioned, to No. 107, February Term, 1927, M. L. D., in the sum of $187.22, with interest from Dec. 15, 1926, the date of such filing being Feb. 4, 1927, a lien being claimed from June 19, 1926, "being the date of the visible commencement upon the ground of the work of building."

6. That the exceptants, Homan & Hafer, filed their mechanics' lien against the defendant and against the real estate described in plaintiff's mortgage, hereinafter mentioned, to No. 3, December Term, 1926, M. L. D., in the sum of $2835.40, with interest from Oct. 28, 1926, the date of such filing being Nov. 9, 1926, a lien being claimed from June 19, 1926, "being the date of visible commencement upon the ground of the beginning of the work of building," upon which lien *scire facias* was issued in due form and judgment obtained against the defendant to No. 263, September Term, 1927, in the sum of $2835.40, with interest from Oct. 28, 1926.

7. That the exceptant, Klinger & Hafer, filed their mechanics' lien against the defendant and against the real estate described in the plaintiff's mortgage, hereinafter mentioned, to No. 4, December Term, 1926, M. L. D., in the sum of $430.60, with interest from Oct. 14, 1926, the date of such filing being Nov. 13, 1926, a lien being claimed from June 19, 1926, "being the date of visible commencement upon the ground of the beginning of the work of building," upon which lien a *scire facias* was issued in due form and judgment obtained against the defendant to No. 264, September Term, 1927, in the sum of $430.60, with interest from Oct. 14, 1926.

8. That the plaintiff was the mortgagee named in a certain indenture of mortgage, given by the defendant, as mortgagor, in the sum of $3000, said mortgage being dated Nov. 4, 1926, and recorded on the same date in the office for the recording of deeds, etc., for Centre County, in Mortgage Book, vol. 53, at pages 111 and 112.

9. That the said mortgage mentioned in the preceding finding became in default and *scire facias* was issued in due form for the foreclosure of the same, and judgment thereupon was duly entered on March 17, 1928, to No. 57, February Term, 1928, in the sum of $3396.50, with interest from March 17, 1928, upon which judgment a writ of *levari facias* was issued to No. 29, May

Term, 1928, and the said premises described in said mortgage were sold, after due advertisement, by the Sheriff of Centre County, on April 14, 1928, to the Laurelton State Bank of Laurelton, Union County, Pennsylvania, the plaintiff herein, for the sum of $3700.

10. That the Sheriff of Centre County, by his deed dated Aug. 1, 1928, and recorded on the same day in the office for the recording of deeds, etc., for Centre County, in Sheriff's Deed Book, vol. 1, at page 266, conveyed said real estate to the plaintiff herein.

11. That the Sheriff of Centre County made his return of said sale, pursuant to the Act of Assembly approved June 4, 1901, P. L. 357, wherein distribution is reported as follows, to wit:

| | |
|---|---:|
| For costs | $104.55 |
| Charles E. Williams, Collector (taxes) | 71.56 |
| Laurelton State Bank, mortgage | 3403.30 |
| Homan & Hafer, judgment | 120.59 |
| | $3700.00 |

12. That the date of the visible commencement upon the ground of the beginning of the work of building was June 19, 1926.

13. That Park R. Homan, one of the partnership of Homan & Hafer, exceptants herein, has, since the filing of exceptions herein, become deceased, and The First National Bank of State College, Pa., the executor of the last will and testament of such deceased exceptant, has been duly and regularly substituted therefor in these proceedings.

14. That the work begun on said real estate on June 19, 1926, continued until, at least, Nov. 4, 1926.

15. That all of said mechanics' liens herein concerned were filed within the statutory period.

Upon these facts as found, together with the stipulation filed herein, we must consider and dispose of the exceptions filed. We, therefore, proceed to the following

### Discussion.

We infer from the remarks of counsel at hearing that the exception based upon the fact that the mortgage given by the defendant to the plaintiff, and upon the foreclosure of which the sheriff's sale was had, did not contain the certificate of residence of the mortgagee, as required by the Act of April 29, 1909, § 1, P. L. 289, is not to be pressed, and we, therefore, shall omit consideration of the same entirely.

The question for our determination is, in brief and plain words: Do the mechanics' lien claimants have preference in the distribution of the proceeds of this sale, or is the proposed application of such proceeds, as noted in the 11th finding of fact, correct?

This is a case where the work was begun before the plaintiff's mortgage was recorded. In the following cases the mechanics' lien claimants were held to be entitled to priority in distribution over the holders of the mortgages, because in each instance the mortgage was not recorded until after the visible commencement upon the ground of the work of building the structure liened: American Fire Ins. Co. v. Pringle, 2 S. & R. 138; Hahn's Appeal, 39 Pa. 409; Parrish & Hazard's Appeal, 83 Pa. 111, 121; Lombaert v. Morris, 2 Del. Co. Reps. 457; Pennock v. Hoover & Myers, 5 Rawle, 291; Reynolds v. Miller, 177 Pa. 168; Kaufmann v. Engel, 60 Pitts. L. J. 763; Ketcham v. Land Title

and Trust Co., 257 Pa. 391; Citizens Bank of Palmerton *v.* Lesko et al., 277 Pa. 174, 178; Trexler Lumber Co. *v.* Butterweck, 10 Lehigh Co. L. R. 220.

Further, we find that mechanics' liens have priority, in the distribution of the proceeds of a sheriff's sale, over a mortgage which was recorded after the visible commencement of the work upon the ground even though the mortgage was delivered before the commencement of the work: Kaufmann *v.* Engel, 60 Pitts. L. J. 763.

There is no denial that the work was begun visibly on the premises of the defendant on June 19, 1926, and continued, at least, up to the time when the plaintiff's mortgage was executed and recorded. Sundry workmen and materialmen, as is evidenced, in part, by the number claiming here, were working upon or delivering materials to defendant's building. That plaintiff had no actual notice of such cannot be conceived, and no attempt to introduce evidence to that effect was attempted at the hearing held hereon. A mortgagee who has had actual notice of the commencement of a building on the land to be encumbered before the mortgage is recorded is bound the same as by an unrecorded mortgage of which he had actual notice: Reynolds *v.* Miller, 177 Pa. 168.

Nor is there any evidence here that any of the lien claimants sought in any way to mislead the plaintiff as to the likelihood of such claims being filed. If such evidence existed, the exceptants would be estopped from claiming priority: Gromo *v.* McCamic, 70 Pitts. L. J. 569. The evident fact is that the plaintiff accepted the defendant's mortgage after the exceptants had extended their credit to him in labor and materials and while a full and complete opportunity existed to plaintiff to ascertain the likelihood of such liens being filed. It assumed the risk of prior claims existing and is responsible to itself alone for any loss which may be sustained herein.

The validity of the several liens filed by the exceptant has not been attacked in any way, nor do we find that such an attack could be sustained if made. The statutory requirements have been fully met.

The last direct utterance of our appellate courts on the question before us appears in Citizens Bank of Palmerton *v.* Lesko et al., 277 Pa. 174, wherein it is clearly held that under section 13 of the Act of June 4, 1901, P. L. 431, 437, a mechanics' lien takes effect as of the date of the visible commencement on the ground of the work of building the structure or other improvement, while under the Act of May 28, 1915, P. L. 631, the lien of a mortgage takes effect as of the date it is recorded. We, therefore, reach the following

### Conclusions of law.

1. That the liens filed by the exceptants herein are valid liens.

2. That the liens filed by the exceptants herein are effective as of June 19, 1926.

3. That the lien of the plaintiff's mortgage is effective as of Nov. 4, 1926.

4. That the liens filed by the exceptants are entitled to priority of payment in the distribution of the fund in the hands of the Sheriff of Centre County arising from the sale of the defendant's real estate under writ of *levari facias* No. 29, May Term, 1928.

Whereupon the following decree is made:

### Decree.

And now, Jan. 16, 1929, it is ordered and decreed that the exceptions filed herein be and are hereby sustained, and the Sheriff of Centre County shall forthwith compute the amounts due the several exceptants herein and R. B.

Taylor, being lien claimants, upon the respective liens as herein found, interest to be computed from the date mentioned in the respective liens to April 14, 1928, being the date of the sale of the defendant's real estate; that he shall pay the sum necessary to satisfy all record costs herein, the taxes due upon the said real estate, and the fund remaining shall be prorated and paid by him to and among the exceptants herein and R. B. Taylor, lien claimants, as their several total claims shall appear.

From S. D. Gettig, Bellefonte, Pa.