## I Cathcart *against* Potterfield.

The period from which the lien of a judgment runs, is not from the return of the *scire facias*, but from the date of the judgment of revival.

APPEAL from the decree of the common pleas of *Dauphin* county, distributing the proceeds of the sale of the real estate of Robert Potterfield, Sen.

The only question which arose in this case was, whether *a scire facias post annum et diem* issued within five years from the rendition of a judgment upon a former *scire facias*, and after the period of five years had elapsed from the return day of the writ, would preserve the lien of the judgment. The court (Blythe, President) ruled that it would.

*M'Kinney*, for appellant, cited Arrison *v.* The Commonwealth, 1 *Watts* 397; Penn *v.* Hamilton, 2 *Watts* 53; Vitry *v.* Dauci, 3 *Rawle* 9; 3 *Penns. Rep.* 229.

*H. Alricks* and *M'Clure*, contra, cited Pennock *v.* Hart, 8 *Serg. & Rawle* 369; Commonwealth *v.* M'Kisson, 13 *Serg. & Rawle* 148.

PER CURIAM.—The point in contest was determined in the case of Meason's Estate, 4 *Watts* 342, where it was held that the period of five years runs, not from the return of the *scire facias*, but from the judgment of revival—a decision that rules the point raised here.

Decree affirmed.