## Winton's Appeal.

An agreement made at the sale of a judgment, between the seller and the purchaser, that its lien shall be superior to that of a prior judgment against the same party, owned and held by the seller, cannot be set up against a subsequent purchaser of the prior judgment who bought for value and without notice of the agreement.

(Decided March 22, 1886.)

Appeal from a decree of the Common Pleas of Lackawanna County sustaining exceptions to an auditor's report distributing the fund arising from a sheriff's sale of property. Affirmed.

Elizabeth Brown had two judgments in the court of common pleas of Luzerne county against Abel Barker, being Nos. 286 and 287, August term, 1868, both entered on the 21st of July, 1863. May 5, 1870, Mrs. Brown executed to Winton an assignment of a portion of her judgment No. 287, August term, 1868, amounting to $2,158.11. The assignment was entitled as of No. 287, August term, 1868, and filed of record in that case at once. It read as follows:

Scranton, Pa., 5th May, 1870.

For value received of A. H. Winton, I do hereby assign to him, his heirs or assigns, the amount of $2,158.11, of the above stated judgment, with interest thereon from this date.

This assignment to be without recourse to me, and in the event of a judicial sale of the premises bound by said judgment, it is for value received; further agreed that the portion hereby assigned shall have preference in payment from the proceeds of any sale over the remainder of this judgment, and also over my judgment No. 286, August term, 1868, common pleas. This assignment is made on the promise of said Winton, to satisfy of

NOTE.—As between the parties, an agreement as to priority of judgments is binding if properly proved. Jacobs' Appeal, 107 Pa. 137. And the assignee is bound by all the facts which appear of record in connection with the judgment (Griffiths v. Sears, 112 Pa. 523, 4 Atl. 492); but not as to matters in a paper filed in connection with another judgment against the same defendant (WINTON'S APPEAL); or by an unrecorded release of certain property (Mellon's Appeal, 96 Pa. 475); or by a secret equity as against the assignor who had agreed to satisfy, where the defendant is guilty of laches in not sooner asserting his rights. Wethrill's Appeal, 3 Grant Cas. 281.

record judgment No. 180, January term, 1868, and prevent a sale of the real estate of said Abel Barker on the same as now advertised.

In presence of C. S. Stark.   Witness my hand and seal.

Elizabeth H. Brown.        [Seal.]

Winton paid the judgments mentioned as stipulated, and expended in that way $2,158.11.   Dr. Throop, on the 22d of July, 1875, purchased part of Mrs. Brown's judgment No. 286, August term, 1868, at a discount of 20 per cent.

Throop had no notice of the agreement between Winton and Mrs. Brown.   Subsequently the property was sold on execution, and, in distributing the proceeds, the auditor preferred Winton to Throop.   To this action exceptions were taken, and the court below delivered the following opinion:

The sole exception in this case, covered by the four exceptions, is that the fund was not awarded to B. H. Throop instead of A. H. Winton.   The facts are as follows:   On the 31st of March, 1883, certain real estate of Abel Barker was sold at sheriff's sale to B. H. Throop for the sum of $6,000.   B. H. Throop appeared from the record to be the first lien creditor to that amount and receipted for his bid.   The sheriff so returned and this audit arises under that return and the act of April 20, 1846, § 2.

The judgments which constitute Throop the first lien creditor are No. 44, August term, 1879, about which there is no dispute and No. 807, February term, 1879, in the common pleas of Lackawanna which latter is a revival of No. 286, August term, 1868, in the common pleas of Luzerne, the lien of which has been always kept alive.   A controversy has arisen in this audit growing out of the peculiar wording of an assignment to A. H. Winton of part of another judgment which at the time of this sale was not a lien upon the land sold, but at the time of the assignment was held by Elizabeth Brown who also then held the Throop judgment, No. 286, August term, 1868.   The judgment assigned to Winton was No. 287, August term, 1868, and was assigned May 5, 1870.   The assignment was filed in No. 287, August term, 1868, and, while the peculiar wording which would postpone the lien of 286 is what the contestant here stands on, it was not filed in No. 286 nor noted, and as a fact Throop

had no notice of it. The lien of 287 was allowed to expire January 12, 1879. It had been revived on October 20, 1873, against defendant Abel Barker, and W. W. Winton and Delaware & Hudson Canal Company, as terre-tenants, and judgment on revival entered January 12, 1874, which judgment as to the canal company was stricken off and the scire facias put at issue by plea. Throop on July 22, 1875, purchased part of judgment 286, and in August, 1882, purchased the balance. The basis on which Winton claims the fund, and on which the learned auditor allowed his claim, is as follows:

"On or about May 5, 1870, the same real estate of the defendant was advertised for sheriff's sale on two or three different judgments which were prior liens to the one now in dispute, and another which the said Elizabeth Brown held against the defendant, viz.: No. 287, August term, 1868. Elizabeth Brown requested A. H. Winton to stop the sale of the property by paying the said prior judgments, and for the consideration of which she executed and delivered to him a certain paper. Winton did pay the said judgments amounting to $2,158. The sale was stopped and the paper, of which it is in fact, among other things, an assignment of that much interest in judgment No. 287, was duly filed of record in the case. This judgment was not revived; hence, at the time of the present real-estate sale, had lost its lien. But by the same paper it is covenanted and agreed that the said Winton in case of a judicial sale of the premises shall have preference of payment to the amount of $2,158 with interest from the proceeds thereof, over her, the said Elizabeth Brown's judgment No. 286, August term, 1868, the same being the one now under consideration."

We pass for the present the remarks of the auditor which are conclusions of his, and refer only to the facts. He says: "B. H. Throop had no notice whatever of the outstanding agreement, claim, or whatever it may be called. It was not on record in the case;" that is, in the proper case No. 286, August term, 1868.

The evidence shows that Throop neither had constructive, viz., by the proper record, nor actual notice, viz., by knowledge or personal notice, before the purchase of judgment No. 286. The auditor finds, also, as a fact that Throop purchased of Chas. T. Brown in August, 1882, the balance of judgment 286, having previously purchased part of Elizabeth Brown in her life-

time. Chas. T. was the only son and sole heir of Elizabeth. Elizabeth Brown died in 1876 or 1877. Throop paid between $2,000 and $3,000 for the balance of the judgment. There was no administration on the estate of Elizabeth Brown, and no creditors.

The auditor, while admitting that a second assignee of a judgment, purchasing without notice of the first assignment, is protected against the claim of the first assignee, awards the amount of the judgment assigned to Winton out of the fund, because he considers Throop's title to the balance of the judgment No. 286 defective, and because Winton in filing his assignment in 287 is not guilty of wilful negligence in not filing it in 286, nor negligent in not keeping his judgment revived because the fund does not reach it, as the sequel shows. We cannot agree with the learned auditor in his conclusions, and are of the opinion that the whole fund should be awarded to B. H. Throop as the holder of the first lien of record entitled to the fund. The money must be appropriated to liens; this is clear from the act of 1846. There is no other lien than judgment 286, August term, 1868, that can have any standing for the balance of this fund after the Voyle judgment. Throop is the owner of this judgment by a part purchase from Mrs. Brown in her lifetime and bona fide purchase of the balance from her heir after her death. It is true he purchased for less than the face of the judgment, but this is lawful. Gaul v. Willis, 26 Pa. 259; Wycoff v. Longhead, 2 Dall. 92, 1 L. ed. 303; Musgrove v. Gibbs, 1 Dall. 216, 1 L. ed. 107.

Throop purchased with no notice of any prior equities of Winton, and it is well settled that a subsequent assignee is protected against a prior assignee of a judgment who gives no notice of his purchase. See Wethrill's Appeal, 3 Grant Cas. 281, cited by the auditor; also Campbell's Appeal, 29 Pa. 401, 72 Am. Dec. 641; Fisher v. Knox, 13 Pa. 622, 53 Am. Dec. 503; Gaullagher v. Caldwell, 22 Pa. 300, 60 Am. Dec. 85.

Nor was it necessary that letters of administration should have been issued on the estate of Mrs. Brown. A creditor alone and on sufficient grounds could dispute the title of the heir at law. A creditor could do it by taking out letters, and he alone could exact administration. Lee v. Gibbons, 14 Serg. & R. 105; Lee v. Wright, 1 Rawle, 149.

No unpaid creditors of Mrs. Brown appear. Throop bought

No. 286 three years after the lien of No. 287 expired and over five years after Mrs. Brown died. It is not by virtue of any lien that Winton could claim, for he has lost his lien. His claim, if valid, is for a breach of contract on the part of Mrs. Brown. He is not a lien creditor within the meaning of the act of 1846, and it is doubtful whether he has any standing as a person interested, even if Mrs. Brown were living and now claiming this money. Shaw's Appeal, 46 Pa. 407.

We shall show further that, as against Mrs. Brown, his equities would be very doubtful. But, aside from the act of 1846, does Winton present any equities whatever here which entitle him to this money as against Throop. We think not, for he neglected to file his assignment in the proper case to affect Throop; he neglected to revive his judgment and so has no equities against Mrs. Brown, much less any against Throop. What was her agreement? She assigns "without recourse to me, and in the event of a judicial sale of the premises bound by said judgment," to wit, 287, August term, 1868, "it is for value received further agreed that the portion hereby assigned shall have preference in payment from the proceeds of any sale over the remainder of this judgment, and also over my judgment No. 286, August term, 1868, C. P." By allowing his lien to expire he has shut out any purchaser of No. 286 from any subsequent equities of subrogation if Winton should be allowed equities on this fund. Equity does not favor the negligent. So far as the record appears, *non constat* that judgment 287 revived down to 1879 against Barker and terre-tenants would have wholly protected Mrs. Brown in her agreement "in the event of a judicial sale of the premises bound by said judgment."

Justice STRONG says, as quoted in Mellon's Appeal, 96 Pa. 477: "It may be said that all the authorities agree that the presence of laches in the holder of a secret equity will postpone him, even an equity in the obligor may be lost by neglect to assert its existence, and *a fortiori* will a third person lose his right by any laches which causes an injury to a purchaser of a chose in action."

Again; a judgment is a debt of record in which the note is merged; is a lien against real estate subject to offset or equities of the debtor unless he waive his right, but not to any secret equity of a purchaser who has not given notice of his right. One

thus delinquent has no equity against a bona fide purchaser without notice. The assignee of a bond or other chose in action may be liable to secret equities of the obligor or debtor against which the former can protect himself by inquiring of the latter, but he may not be able to ascertain the latent equity of some third person against the obligee. See Mott v. Clark, 9 Pa. 399 (and especially foot of page 404), 49 Am. Dec. 566.

The assignee of a judgment takes it subject to all the defenses of the defendant against the plaintiff, but not subject to the secret equities of third parties. See Mifflin County Nat. Bank's Appeal, 98 Pa. 150, 153; Davis v. Barr, 9 Serg. & R. 141; Taylor v. Gitt, 10 Pa. 428; McConnell v. Wenrich, 16 Pa. 365.

Third persons dealing with a party against whom a judgment has been obtained are not bound to look beyond the entry of the judgment as docketed by the prothonotary; they are not bound to go further than the docket, though a paper filed in the same case showed that the judgment should have been for a much larger amount. Crutcher v. Com. 6 Whart. 340.

In the case at bar the paper filed in No. 287 was not in the line of Dr. Throop's search when purchasing No. 286. See Scott v. Burton, 2 Ashm. (Pa.) 312; Woods v. Farmere, 7 Watts, 382, 32 Am. Dec. 772; M'Lanahan v. Reeside, 9 Watts, 508, 36 Am. Dec. 136.

The decision of this case only affects the right of Dr. Throop to enjoy the fruits of his lien; it does not conclude any equities between Winton and Mrs. Brown however they may appear here, nor are the questions raised affected at all by the rights of the defendant Barker. In view of the facts and the law we sustain the exceptions filed to the auditor's report and award the balance of the fund to B. H. Throop on judgment 807, February term, 1879, Lackawanna county common pleas, being the amount which was awarded to A. H. Winton.

Motions for rehearing having been refused, Winton appealed.

*S. B. Price,* for appellant.—The doctrine of notice, to defeat a prior assignment, does not apply to this case. That doctrine is based upon the negligence of the assignee in not recording the assignment. Winton was not negligent, for he filed his assignment at once in the only case in which he has a right to make

it part of the record. Wethrill's Appeal, 3 Grant Cas. 281; Mellon's Appeal, 96 Pa. 477; Mott v. Clark, 9 Pa. 399, 49 Am. Dec. 566.

*Willard & Warren,* for appellee.—A judgment is a debt of record in which the note is merged; it is a lien against real estate and is a thing of sale, subject to offset or equities of the debtor, unless he waive his right, but not to any secret equity of a purchaser who has not given notice of his right. One thus delinquent has no equity against a bona fide purchaser without notice. Mott v. Clark, 9 Pa. 399, 49 Am. Dec. 566; Redfearn v. Ferrier, 1 Dow. P. C. 50.

The assignee of a judgment takes it subject to all the defenses of the defendant against the plaintiff, but not subject to the secret equities of third parties. Mifflin County Nat. Bank's Appeal, 98 Pa. 150; Davis v. Barr, 9 Serg. & R. 141; Taylor v. Gitt, 10 Pa. 428; Wethrill's Appeal, 3 Grant Cas. 281; McConnell v. Wenrich, 16 Pa. 365.

As against a subsequent assignment for value, a prior one is not valid unless it is marked of record, or the subsequent assignee has actual notice of it. Trickett, Liens, § 234; Fisher v. Knox, 13 Pa. 622, 53 Am. Dec. 503; Fraley's Appeal, 76 Pa. 42; Campbell's Appeal, 29 Pa. 401, 72 Am. Dec. 641; Gaullagher v. Caldwell, 22 Pa. 300, 60 Am. Dec. 85; Twitchell v. McMurtrie, 77 Pa. 383.

A release of property mortgaged from the lien of a judgment cannot be set up against one who in good faith purchased the judgment without notice, actual or constructive, to put him on inquiry as to the release. Mellon's Appeal, 96 Pa. 475.

Third parties are not bound to look beyond the entry of the judgment as docketed by the prothonotary. Crutcher v. Com. 6 Whart. 340.

A purchaser of land is not affected with constructive notice of anything which does not lie within the course of his title, or is not connected with it. Woods v. Farmere, 7 Watts, 382, 32 Am. Dec. 772. See also M'Lanahan v. Reeside, 9 Watts, 508, 36 Am. Dec. 136.

Per Curiam:

The appellant has no equity which he can invoke against the appellee. The latter is entitled to the money by virtue of the

priority of his lien. His right thereto cannot be defeated under the agreement set up by the appellant as made with a former owner of the judgment. No actual or constructive notice of the agreement was given to the appellee. He bought the judgment relying on the record. If one of two innocent persons must suffer, the loss must fall on the appellant whose omission to give the notice has caused his loss.

Decree affirmed and appeal dismissed, at the costs of the appellant.