# Fourth Bleucher Building Assn. v. Halpern et al., Appellants.

*Mortgage—Judgment—Liens—Index of judgments—Priority of liens—Names—Identity of person—Notice.*

1. A mortgage executed by one "Harry Halpern" is not discharged by a sheriff's sale on a judgment junior to the mortgage, entered in the name of "Harry L. Halpern," and so indexed in the judgment index, where the mortgagee had no notice, actual or constructive at the time the mortgage was executed, that "Harry Halpern" was the same person as "Harry L. Halpern."

*Principal and agent—Knowledge of agent—Knowledge acquired in the particular transaction—Notice.*

2. A principal is not bound by the knowledge of the agent, unless it appears that such knowledge was gained by the agent in the course of the same transaction in which he was employed by the principal.

Argued January 11, 1921. Appeal, No. 113, Jan. T., 1921, by defendants, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1919, No. 3320, on verdict for plaintiff, in case of Fourth Bleucher Building Assn. v. Sarah L. Halpern, executrix of Harry Halpern, deceased, mortgagor, and Muharem Allicakis, real owner. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Scire facias sur mortgage. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

At the trial the court gave binding instructions for plaintiff.

170 FOURTH BLEUCHER B. ASSN. *v.* HALPERN, Appel.

Verdict and judgment for plaintiff for $4,810.46. Defendant, Muharem Allicakis, terre tenant, appealed.

*Error assigned,* inter alia, was (2) binding instructions for plaintiff, quoting them.

*Paul Reilly,* with him *Charles G. Gartling,* for appellant.—The case is ruled by the records, the notice they gave, and such notice as the appellee had that Harry Halpern and Harry L. Halpern were one and the same person: Butts v. Cruttenden, 14 Pa. Superior Ct. 449.

*Adolph Eichholz,* with him *Duane, Morris & Heckscher,* for appellee.—There is not a scintilla of evidence that plaintiff or its agents had knowledge that the mortgagor was also known as Harry L. Halpern.

Even if Frankel had had such knowledge as officer or employee of the association, it was not notice to plaintiff: Hood v. Fahnestock, 8 Watts 489; Martin v. Jackson, 27 Pa. 504; Houseman v. Girard B. & L. Assn., 81 Pa. 256; Barbour v. Wiehle, 116 Pa. 308; Gilkeson v. Thompson, 210 Pa. 355.

If the sheriff sell, with an express condition that the purchaser shall take subject to the lien of a mortgage which would otherwise be discharged, the courts will enforce the contract: Crooks v. Douglass, 56 Pa. 51; Kennedy v. Borie, 166 Pa. 360; Old Colony Trust Co. v. Transit Co., 192 Pa. 596.

OPINION BY MR. JUSTICE SADLER, March 21, 1921:

The plaintiff caused to be issued a scire facias upon a mortgage executed on February 6, 1917, by Harry Halpern. Prior to this time a judgment had been entered against Harry L. Halpern, and subsequently a second was indexed in the same way. Upon the latter an execution was had, and the land covered by the mortgage was sold to Martha Quinn, who conveyed to Muharem Allicakis. The latter, as terre-tenant, was called in as a

party defendant, and made claim that the mortgage was discharged by the sheriff's sale—preceded, as it was, by another judgment indexed against Harry L. Halpern. At the trial, the deed to Harry Halpern, and the mortgage given by him in the same name, with the proceedings thereon, were offered in evidence as well as testimony to show default. Evidence was offered by defendant to prove Harry Halpern and Harry L. Halpern to be one and the same person, of which fact, it was argued, the association had information, because of the knowledge possessed by its officers at the time the mortgage was executed, and it was, therefore, bound to take notice of the indexed judgments.

When the mortgage loan was made upon the property at No. 518 South Third Street, the records disclosed the title to the land to be in Harry Halpern. A search for liens showed a first mortgage on the property. The judgment index indicated no liens against the proposed mortgagor. It is true that a judgment against Harry L. Halpern there appeared; but, in the absence of some notice, actual or constructive, of the identity of the defendant in the judgment with the owner of the land, the building association could not be charged thereby: Crouse v. Murphy, 140 Pa. 335. A contrary conclusion might be reached if there had been a like notation on the mortgage index; for, in such case the searcher would be put upon inquiry, and opportunity would be presented to determine whether there was identity of person, since an examination of a mortgage, so referred to, would furnish a description of the property proposed to be made the subject of a lien, and thus the requisite knowledge would be obtained: Crippen v. Bergold, 258 Pa. 469. But such fact could not be learned from an inspection of the judgment index, which disclosed nothing to indicate the particular land subject to the outstanding lien; where such record showed a difference in name, as here, actual notice of identity must be proven, or facts must be presented which lead to the conclusion that the

party was not or should not have been misled, because of his possession of sufficient means of acquiring knowledge of the true situation: Butts v. Cruttenden, 14 Pa. Superior Ct. 449. In the present case, the attempt was made to show actual notice by Frankel, the conveyancer of the company, and thus bind the association. Both he and Berger, the secretary, the only two parties having any connection with the making of the loan, denied positively the possession of any such information. Even had the contrary been proven, it would have been necessary to show further that the knowledge was obtained in the course of the particular transaction in which they were employed as agents; for it is only notice under such circumstances that can bind the principal: Houseman v. Girard Mut. B. & L. Assn., 81 Pa. 256; Bangor & Portland Ry. Co. v. American Bangor Slate Co., 203 Pa. 6; Gilkeson v. Thompson, 210 Pa. 355; Lightcap v. Nicola, 34 Pa. Superior Ct. 189, 190. Under the facts disclosed, binding instructions for the plaintiff were properly given.

It should further be noted that Martha Quinn, the grantor of Allicakis, was not misled in making her bid. The sheriff sales book showed the property advertised "subject to mortgages of $7,000," and she was not, therefore, deceived when she purchased. A discussion of the legal effect of the knowledge so obtained is not, however, necessary in reaching a conclusion in the present case.

The assignments of error are overruled, and the judgment of the court below is affirmed.