# Penna. Co. for Insurances on Lives and Granting Annuities et al., Appellants, *v.* Halpern et al.

*Mortgage—Judgment—Index—Name—Discharge of lien — Notice—Res adjudicata—Purchaser at sheriff's sale—Auditor.*

1. Implied or constructive notice of a prior lien is only effective to charge a purchaser or mortgagee when the circumstances are of such a character that a failure to obtain the knowledge would be gross and culpable negligence.

2. The record of a canceled instrument furnishes no constructive notice of its contents.

3. Where a mortgage is executed by one as "Harry L. Halpern," and it is agreed that a prior mortgage shall be paid out of the proceeds, the mortgagee is not bound to examine the prior mortgage which described the mortgagor therein as "Harry L. Halpern sometimes called Harry Halpern," and then to examine the judgment index where he would have discovered a judgment against Harry Halpern.

4. If the mortgaged premises are subsequently sold under a junior judgment, the purchaser at the sheriff's sale cannot set up, as a defense to a scire facias on the mortgage, that the lien of such mortgage was discharged because of the antecedent indexed judgment against "Harry Halpern," and this is the case even if the mortgagee had actual notice of the existence of such judgment, and that "Harry L. Halpern" was in fact the same person as "Harry Halpern."

5. The finding of an auditor appointed to distribute the proceeds of the sheriff's sale is not binding upon the mortgagee in his suit on the scire facias, and this is especially so if he does not appear before the auditor, and in fact declined to do so. An incidental finding, in the contest between others, that the lien of his mortgage was discharged cannot affect his rights in the scire facias proceedings.

6. The rights of parties at a judicial sale must be controlled by the record as it stands at that time.

Argued February 2, 1922. Appeal, No. 244, Jan. T., 1922, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1919, No. 1623, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Pennsylvania Company for Insurances on Lives and

Granting Annuities and Andrew A. Blair, trustees under will of Frances C. Henderson, deceased, v. Harry L. Halpern, mortgagor, and Sarah L. Halpern, real owner, and Martha Quinn, intervening defendant.    Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.    Reversed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

Rule discharged.    Plaintiff appealed.

*Error assigned* was above order.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* with him *Edwin M. Finletter,* for appellants.—A judgment to be a lien upon a particular piece of real estate, must be indexed against the owner thereof in the name in which his title appears of record: Crouse v. Murphy, 140 Pa. 335; Fourth Bleucher B. Assn. v. Halpern, 270 Pa. 169.

A purchaser at sheriff's sale can only be bound, and can only hold others bound, as to the property purchased, by matters appearing of record at the time of sale: Reading v. Hopson, 90 Pa. 494; Hilliard v. Tustin, 172 Pa. 354; Eckels v. Stuart, 212 Pa. 161; Coyne v. Souther, 61 Pa. 455; Meigs v. Bunting, 141 Pa. 233; Reisinger v. Coal Co., 262 Pa. 530.

*Paul Reilly,* for appellee.

OPINION BY MR. JUSTICE SADLER, March 20, 1922:

Harry L. Halpern became the owner of a tract of land in 1906, and his deed was duly recorded.    Subsequently, he executed three mortgages, using the name as set forth in the prior conveyance,—in 1910 to the American Bank, in December of 1915, to the present plaintiff, the Penna. Co. for Insurances on Lives & Granting Annuities, and in

1916, to the Fifth Bleucher Building and Loan Association. In the first of these, the mortgagor was described as "Harry L. Halpern, sometimes called Harry Halpern." This obligation was paid from the proceeds of the second, and the record marked satisfied. A judgment indexed in the name of Harry L. was of record in 1915, but the lien thereof was released at the time of the making of the loan now in question. On June 5, 1917, another judgment was entered, by like designation, in favor of Norquist. Against Harry Halpern was a judgment, indexed as a lien, April 29, 1915. An execution was issued on the Norquist judgment which post-dated the plaintiff's mortgage, and the property was sold by the sheriff to Martha Quinn, who is the intervening defendant in the present proceeding.

A scire facias was subsequently sued out by plaintiff to enforce the provisions of the mortgage given by Harry L. Halpern. The right to collect thereon was denied in the affidavit of defense filed, and the supplement thereto, it being contended that the lien was discharged by the judicial sale, in view of the fact that it was preceded, as appeared of record, by the judgment against Harry Halpern, who in reality was the the same person as Harry L., of which fact, it is averred, plaintiff had both constructive and actual notice when the mortgage was taken. Judgment for want of a sufficient affidavit of defense was refused; from the order so made this appeal is taken.

When plaintiff agreed to loan to Harry L. Halpern, the registered owner of the property, it was bound to take cognizance of such matters of record as would affect its lien. At that time, no judgment appeared against him,—except the one released before the transaction was consummated,—and a mortgage, with which plaintiff was not concerned, since it was to be paid from the proceeds of the loan, and marked satisfied, which was actually done. Defendant insists, however, that the latter document should have been examined, notwithstanding the arrangement for its removal as a lien, and had this

occurred, the record would have disclosed that Harry L. Halpern was "otherwise known as Harry Halpern,"—a discovery which would have made necessary an investigation as to the identity with a defendant likewise described on the judgment index.  With this proposition we cannot agree.

The mortgagee was bound by the record of the enforceable liens, but there was no requirement that it read an instrument which was to be satisfied from the proceeds, before it concluded the arrangement for the loan, and which was in fact, before that time, so marked on the index.  "Implied or constructive notice is only effectual to charge a purchaser or mortgagee when the circumstances are of such a character that a failure to obtain the knowledge would be gross and culpable negligence."  Appeal of Phillipsburg Savings Bank, 10 W. N. C. 265.  The record of a canceled instrument furnishes no constructive notice of its contents: 27 Cyc. 1205.  In the present instance, it cannot be said the plaintiff was negligent in failing to examine a mortgage, the satisfaction of which was required before the new instrument was accepted. The statement appearing in the former, indicating that Harry L. Halpern was otherwise known as Harry, was not, under the circumstances, a fact of which plaintiff must be charged with knowledge.  No judgment was indexed against the registered owner of the land, and plaintiff was justified in relying upon the record: Crouse v. Murphy, 140 Pa. 335; Fourth Bleucher Bldg. Assn. v. Halpern, 270 Pa. 169.

Even if the contrary was true, or, as averred in the affidavit of defense, actual notice existed, it is insufficient.  The claim that the lien of the mortgage against Harry L. was divested because of the antecedent indexed judgment against Harry, is here made by the sheriff's vendee.  "An entirely different case is presented when the question arises between the mortgagee and the purchaser at sheriff's sale.  As the bidder at a sheriff's sale is not bound to look beyond the record in determining

what he shall bid, and it cannot be shown against him that a prior lien has been paid, or is not subsisting, so neither can he take advantage of any fact dehors the record to discharge the land from the lien of the mortgage......At the sheriff's sale the same rule must apply equally to all bidders, the mortgagee as well as others, without regard to what their private information may be of facts dehors the record. This puts them all upon an equal footing, as the bidder is not bound to look beyond the record, nor has he any right to affect his relation to others by any such evidence": Reading v. Hopson, 90 Pa. 494; Coyne v. Souther, 61 Pa. 456; Reisinger v. Smokeless Coal Co., 262 Pa. 530. The rights of the parties at the judicial sale must be controlled by the record as it stands at that time: Eckels v. Stuart, 212 Pa. 161; Hilliard v. Tustin, 172 Pa. 354. When Mrs. Quinn purchased, in the present instance, it disclosed a first mortgage against Harry L. Halpern; there was no preceding judgment indexed against him, and it was not therefore discharged. She cannot now be permitted to show by parol, as against the mortgagee who seeks to enforce its obligation, that in reality the parties were known to be the same, and thus cause the lien to be divested.

Nor can we see merit in the contention that the finding by the auditor, appointed to make distribution of the proceeds of the sheriff's sale, renders the present demand of plaintiff res adjudicata. It was not a claimant before the auditor, having declined to appear; if, as insisted, its mortgage was not divested, it had no interest in the fund to be awarded. The incidental finding, in the contest between others, that the lien was discharged, cannot affect its rights in this proceeding.

The assignment of error is sustained, the judgment of the court below is reversed, and it is ordered that the record be remitted, and that the court below proceed to enter judgment against defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court why such judgment should not be entered.