## Stark *v.* Lamberton, Sheriff, Appellant.

*Judgments—Index of judgments—Names—Initials—Notice.*

1. Where a judgment debtor has one christian name, an index of the judgment by the initial of his christian name followed by his family name, is sufficient to bind the land of the defendant and establish the priority of the lien of the judgment.

2. A judgment indexed against "L. Sheppard" is good against "Louis Sheppard."

3. Where the debtor has a middle name, the omission of the initial of the middle name is fatal.

Argued December 4, 1924. Appeal, No. 154, Jan. T., 1925, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1924, No. 2028, on verdict for plaintiff, in case of Abram Stark v. Robert E. Lamberton, Sheriff. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit against sheriff. Before AUDENRIED, P. J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $4,733.09. Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o v., quoting record.

*Maurice W. Sloan,* with him *Claude L. Roth,* for appellant.—A judgment indexed merely under the first letter of defendant's christian name is of no effect as against subsequent mortgages properly indexed under the full christian name, without actual notice that defendant and mortgagor were one and the same person: Crouse v. Murphy, 140 Pa. 335; Burns v. Ross, 215 Pa. 293; Delaney v. Becker, 14 Pa. Superior Ct. 392; Fourth Blucher B. & L. Assn. v. Halpern, 270 Pa. 169; Penna. Co. v. Halpern, 273 Pa. 451.

*Samuel J. Gottesfeld,* for appellee, cited: Jones's Est., 27 Pa. 336; Hutchinson's App., 92 Pa. 186; Burns v. Ross, 215 Pa. 293.

OPINION BY MR. JUSTICE WALLING, January 5, 1925:

On June 15, 1922, Mary Quay, as administratrix, conveyed the premises 5944 Market Street, Philadelphia, to Louis Sheppard and Joseph Halberstadt and received a purchase-money mortgage of $25,000. This deed and mortgage were recorded on July 6, 1922. On the next day (July 7th) a second mortgage of $10,000, in favor of the Southern Co-operative Building and Loan Association, was recorded and on the following day (July 8th) a third mortgage of $2,000 in favor of Mary Quay, administratrix, not shown to be a purchase-money mortgage, was recorded. The three mortgages were dated June 15, 1922, and signed by Sheppard and Halberstadt with their full names as shown in the deed to them. In May, 1922, they gave Abram Stark a judgment note for $5,000, signed, "L. Sheppard" and "J. Halberstadt," as they sometimes signed their names. On July 7, 1922, judgment was entered on this note and indexed against the defendants therein as L. Sheppard and J. Halberstadt. In the following November, a writ of fiere facias was issued on the bond, accompanying the ten thousand dollar mortgage, on which the defendant, as sheriff, on January 3, 1923, sold the premises for $15,000, subject to the first mortgage. This sum, less costs and a balance of $477.06, was distributed by the sheriff to payment in full of the second and third mortgages, ignoring the Stark judgment; thereupon Stark brought this suit against the sheriff, claiming to pro rate with the second mortgage, as they were recorded the same day and to priority over the third mortgage, which was recorded the following day. The trial judge sustained plaintiff's contention and directed a verdict accordingly; from judgment entered thereon defendant has appealed.

L. Sheppard and J. Halberstadt are in fact Louis Sheppard and Joseph Halberstadt; the only question is whether the judgment indexed against their correct surnames and the initials of their christian names was constructive notice to the mortgagees. This must be answered in the affirmative. Section 3 of the Act of April 22, 1856, P. L. 532, provides: "That the lien of no judgment......shall commence or be continued as against any purchaser or mortgagee unless the same be indexed in the county where the real estate is situated in a book to be called the judgment index; and it shall be the duty of the prothonotary or clerk forthwith to index the same according to priority of date, and the plaintiff shall furnish the proper information to enable him to perform said duty," but does not require that defendant's christian name appear in full in the judgment index, nor has it ever been so construed. The law merely requires an index that will naturally lead the investigator to a discovery of the judgment and an identity of the defendant. In searching for judgments against Louis Sheppard one will be found, if such there is, against L. Sheppard and the searcher is at once put on inquiry which will disclose the identity of L. Sheppard with Louis Sheppard, and the index has served its purpose. This precise question is decided in Jones's Est., 27 Pa. 336, where we hold a judgment and lien against A. Jones valid as to subsequent liens against Abel Jones. That case has never been overruled or modified, and governs the present; as A. for Abel is the same as L. for Louis or J. for Joseph.

True, in indexing judgments, the middle initial is part of the name and if omitted is so misleading to the searcher as to invalidate the lien so far as relates to bona fide purchasers and mortgagees. For example, in Wood v. Reynolds, 7 W. & S. 406, it is held that a judgment indexed against John Gruver was no notice to a purchaser that it was a lien against John M. Gruver. So

in Crouse v. Murphy, 140 Pa. 335, it is decided that a judgment against Daniel Murphy was, as against a bona fide purchaser, insufficient to bind the land held by the grantor in the name of Daniel J. Murphy, his real name. It is there, however, suggested that had the judgment stood against D. J. Murphy it would have been valid, and so it would, for no one could have been misled. For the reason also that it was misleading, it is held in Fourth Bleucher B. Assn. v. Halpern, 270 Pa. 169, that a judgment entered and indexed against Harry L. Halpern was not a lien as against a subsequent mortgage given by Harry Halpern upon land held by him in the latter name, the mortgagee being without knowledge that Harry Halpern was the same person as Harry L. Halpern. If, as is undoubtedly true, two initials are sufficient for the christian name in an index it is not easy to see why one initial should not be when the defendant has no more. That is, if D. J. stands for Daniel J., why should not A. stand for Abel or L. for Louis? The searcher's eye falls on the one as readily as the other, and is misled by neither. Common prudence requires him to take note of judgments against L. Sheppard as well as Louis Sheppard, as both are before him. See Burns v. Ross, 215 Pa. 293, 7 L. R. A. (N. S.) 415, and note. In the instant case the judgment against Sheppard and Halberstadt was easily traced because of their joint ownership of the land in question. That the sheriff had actual notice of plaintiff's judgment before distribution was not a controlling circumstance; in any event he took the chance that his voluntary disbursement was right.

The industry of appellee's counsel has brought to our attention numerous authorities from other jurisdictions, supporting his contention, but we deem it unnecessary to discuss them.

The trial court properly held the record of plaintiff's judgment such constructive notice to the mortgagees as entitled him to share in the fund, and the judgment is affirmed.