### Troffo v. Camione et ux.

*John E. McDonough,* for plaintiff; *Henry G. Sweney,* for defendants.

BROOMALL, J., November 28, 1930.—Luigi and Anunziata Camione, defendants above named, were possessed of two tracts of land in this county, which by deed dated April 7, 1928, duly recorded in this county, they conveyed to Lucille Christopher, wife of S. G. Christopher. The grantors took as the purchase price for this conveyance a judgment note for $5470 dated April 7, 1928, payable one year after date, signed by S. G. Christopher and Lucy Christopher. On May 11, 1928, a similar note signed by the same parties in the same way, but payable one day after date, was substituted for the original note given on April 7, 1928. Judgment on this second note was entered in this court to No. 2546, March Term, 1928, on May 22, 1928.

On May 22, 1928, S. G. Christopher and Lucille Christopher, his wife, conveyed to John Troffo, plaintiff above named, the same lands which had been conveyed to Lucille Christopher by the Camiones, by their deed of April 7, 1928. The deed to Troffo was recorded in this county on May 26, 1928. The consideration expressed in the deed from the Christophers to Troffo was one dollar, but the actual consideration was the payment of a preëxisting debt of S. G. Christopher to Troffo of $3600, the debt being evidenced by judgment entered in this court as of No. 777, June Term, 1927. This judgment has not been satisfied.

Troffo, at the time of the conveyance to him by the Christophers, had no actual knowledge or notice of the existence of the judgment entered to No. 2546, March Term, 1928. He made no investigation as to the title of his grantors, relying on their statements to him.

The Camiones contended that their judgment against S. G. Christopher and Lucy Christopher, entered to No. 2546, March Term, 1928, continued a lien against the land conveyed by the Christophers to Troffo after the title was transferred to him, and this contention on their part has interfered with the sale or financing of the property in the hands of Troffo. Troffo, therefore, presented his petition to this court, setting out in substance the facts above outlined, and praying the court for a declaratory judgment, that the judgment entered against S. G. Christopher and Lucy Christopher, his wife, to

No. 2546, March Term, 1928, is not a lien against the lands formerly of Lucille Christopher and now held and owned by the plaintiff.

Luigi and Anunziata Camione filed an answer to the petition of John Troffo, in which they admit the facts are as above set out, and they request the court to declare thereon as a matter of law that the judgment entered to No. 2546, March Term, 1928, is a subsisting lien against the premises described in the petition, now in the hands of John Troffo. On the hearing on the petition defendants also contended that the case was not one where a declaratory judgment might properly be entered.

If the petition asked this court to construe an order or judgment entered in an adverse proceeding, we would feel that it would not be a proper place for a declaratory judgment, but nothing of that kind is involved, the sole question being whether, in view of the discrepancy between the form of the name of the wife of S. G. Christopher as it appeared in the deeds and in the judgment note given to the Camiones, John Troffo, the grantee of the Christophers, could be held to have constructive notice of the claim of the Camiones against Mrs. Christopher so that the property in his hands would be bound by the lien created by the entry of the judgment against Lucy Christopher.

This question, we think, is one that the court may with propriety be asked to determine in a proceeding of this nature. Admittedly, the contention of the Camiones that they hold a lien against the property in the hands of Troffo interferes with his advantageous disposition of said property, and except by a proceeding of this sort we are not aware of any action he could take to correct this condition. We cannot insist that the judgment against Lucy Christopher be stricken off or satisfied, because the Camiones have undoubtedly a valid claim against Mrs. Christopher under that judgment, which they may enforce against any of her personal property in this county or against any real estate which may stand in her name. The plaintiffs in the Camione judgment against the Christophers might raise their present question either by a sheriff's sale under their judgment and a subsequent action of ejectment or by a proceeding under the Uniform Fraudulent Conveyances Act of May 21, 1921, P. L. 1045; see South Central B. & L. Ass'n v. Milani, 300 Pa. 250; but the present plaintiff cannot compel them to adopt either proceeding at this time, nor can he compel them, prior to 1933, to issue a writ of scire facias on their judgment against the Christophers, naming him as terre tenant, in order to determine whether their judgment continues to bind his land. That there is an actual controversy between the parties is too clear to require discussion, and we think that it is equally clear that a declaratory judgment in this case will be conclusive of that controversy, and these conditions, in our opinion, make the request for a declaratory judgment entirely proper.

On the merits of the case we think that our determination must be in favor of the present plaintiff. He is a bona fide purchaser for value of the lands involved. He had no actual notice of the claim of the Camiones; the title that he took was the title of Lucille Christopher and the indexing of the judgment against Lucy Christopher was not constructive notice to him that there was an existing lien against his grantor. He was entitled to rely on what appeared in the judgment index and was not compelled to go beyond that, and examining that index he would find no lien against Lucille Christopher and the judgment index must have contained such information in order that he might be bound and know that there was a lien at the time of the conveyance of the property to him.

"Not only must the first name appear but it must be correct . . . the record addressing itself to the eye and not to the ear alone:" Crouse v. Murphy, 140

Pa. 335; Fourth Bleucher Bldg. Ass'n *v.* Halpern, 276 Pa. 169; Penna. Co. for Ins. on Lives, &c., *v.* Halpern, 273 Pa. 451.

That this decision works a serious hardship to defendants must be admitted, but this hardship is a result of their own neglect. If they had been careful to see that the note which they took in consideration of their conveyance to Lucille Christopher was signed in the same manner in which their deed was made, they would have been fully protected and the present question could not have arisen. We are unable to relieve them from the result of their own oversight.

And now, to wit, November 28, 1930, it is adjudged and decreed that the judgment entered to No. 2546, March Term, 1928, in favor of Luigi Camione and Anunziata against Samuel G. Christopher and Lucy Christopher, is not a lien on the property conveyed to John Troffo, the present plaintiff, by deed of May 22, 1928, from Samuel G. Christopher and Lucille Christopher.

Costs in this proceeding shall be paid by the defendants.

From William R. Toal, Media, Pa.