Arch Street Building & Loan Assn., Appellant, *v.* Sook.

Argued October 6, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Gerald F. Flood,* and with him *Charles L. Taylor,* for appellant.

*Samuel K. White* of *Peck and White,* and with him *Allen C. Thomas,* for appellee.

OPINION BY TREXLER, P. J., January 28, 1932:

Bill in equity to satisfy a mortgage.

Charles W. Geick and Bertha L. Geick, as tenants by entireties, held title to certain premises in Philadelphia. On September 5, 1925, the Penn Loan Company entered a judgment on a note for $125 against Charles W. Geick and Bertha Geick, which judgment was indexed against each one separately. There was nothing in the judgment index to indicate that it was a joint judgment.

On February 5, 1926, Charles W. Geick and Bertha L. Geick, his wife, conveyed the premises to William B. Edmondson, who gave a mortgage thereon, duly recorded, to Anna B. Sook, the defendant, for the sum of $2,500, and also gave a second mortgage, duly recorded, of $1,400 to the Arch Street Building & Loan Association, now the Reserve Fund Building & Loan Association, the appellant.

It will be noticed that in taking the title and in parting with it, the name of the wife appears as Bertha L. Geick and in the judgment entered against her, the middle initial "L" is omitted. On July 10, 1928, the second mortgage was foreclosed and the property sold at sheriff's sale to the building and loan association for $50. After the acquisition of title to said premises by the building and loan association, it paid Mrs. Sook, the holder of the first mortgage, the sum of $721.87 on account of principal and interest, the officers having no knowledge of the existence of the aforesaid judgment against Charles W. Geick and Bertha Geick.

Having learned of its existence, they now bring this bill to satisfy the Sook mortgage and to clear the title and thus also escape the payment of the balance due, their contention being that the judgments above referred to entered against Charles W. Geick and Bertha Geick constituted a lien against the premises and being of earlier date than the Sook mortgage, the latter was discharged by the sheriff's sale. The learned judge who sat as chancellor held that the judgments referred to above did not bind the property and that the omission of the middle letter in the wife's name was fatal to the creation of the lien. His conclusion is sustained by a number of cases, among them being: Pennsylvania Company v. Halpern, 273 Pa. 451; Fourth Bleucher B. Assn. v. Halpern, 270 Pa. 169; Crouse v.

Murphy, 140 Pa. 335; Hutchinson's Appeal, 92 Pa. 186; Wood v. Reynolds, 7 W. & S. 406.

When Mrs. Sook took this mortgage, she was not bound to look beyond the entry of the judgment as docketed by the prothonotary. She was not bound to go further than the docket: Crutcher v. Com., 6 Wharton 340; Winton's Appeal, 2 Central Reporter 601, 5 A. 433.

The fact of the identity of these two judgment debtors as their names appear in the separate judgments entered against them respectively, with the holders of the title of the property against which the mortgage was a lien could not be learned by inspection of the judgment index, because of the omission of the middle initial of the wife.

The appellant, in support of his position that the judgment in question was a lien cites Butts v. Cruttenden, 14 Pa. Superior Ct. 449, in which case the lower court held that "in justice and good conscience" a judgment should be allowed to participate in the proceeds of the sheriff's sale, for the reason that the defendant was known both by the name of William Cruttenden and William J. Cruttenden, that he used the names interchangeably and that the subsequent lien holder had actual knowledge of the judgment.

In the present case, there is no such inducement to depart from the rule. There is no evidence that Mrs. Sook knew of the judgment when she took the mortgage or when the property was sold. The very fact that she gave notice or caused the sheriff to give notice at the sale, although such notice may have bound no one, was evidence that she had no knowledge of a prior judgment which would discharge her lien and on the other hand the building and loan association bought the property, as its officers thought, subject to the mortgage, and the present move is to get rid of a debt which certainly entered into the fixing of the

price paid by the association at the sheriff's sale and which debt they had recognized and paid on account.

In Fourth Bleucher B. Assn. v. Halpern, 270 Pa. 169, in which case Harry L. Halpern was the owner and the judgment was against Harry Halpern, Judge SADLER cites Butts v. Cruttenden, supra, stating, "where such record showed a difference in name, as here, actual notice of identity must be proven, or facts must be presented which lead to the conclusion that the party was not or should not have been misled, because of his possession of sufficient means of acquiring knowledge of the true situation." Needless to say in the present case, such knowledge was not proven.

The case of Fourth Bleucher B. Assn. v. Halpern, supra, must be read in connection with Pennsylvania Company v. Halpern, 273 Pa. 451, arising out of the same transactions. We quote: " 'An entirely different case is presented when the question arises between the mortgagee and the purchaser at sheriff's sale. As the bidder at a sheriff's sale is not bound to look beyond the record in determining what he shall bid, and it cannot be shown against him that a prior lien has been paid, or is not subsisting, so neither can he take advantage of any fact dehors the record to discharge the land from the lien of the mortgage . . . . . . At the sheriff's sale, the same rule must apply equally to all bidders, the mortgagee as well as others, without regard to what their private information may be of facts dehors the record. This puts them all upon an equal footing, as the bidder is not bound to look beyond the record, nor has he any right to affect his relation to others by any such evidence': Reading v. Hopson, 90 Pa. 494; Coyne v. Souther, 61 Pa. 456; Reisinger v. Smokeless Coal Co., 262 Pa. 530. The rights of the parties at the judicial sale must be controlled by the record as it stands at that time; Eckels v. Stuart, 212 Pa. 161; Hilliard v. Tustin, 172 Pa. 354.

When Mrs. Quinn purchased, in the present instance, it disclosed a first mortgage against Harry L. Halpern; there was no preceding judgment indexed against him, and it was not therefore discharged. She cannot now be permitted to show by parol, as against the mortgagee who seeks to enforce its obligation, that in reality the parties were known to be the same, and thus cause the lien to be divested.''

The appellant argues that Geick and his wife being tenants by entireties changes the situation as there is no method of indexing such ownership. We do not think that this affects the question. In order to bind the land held by entireties, judgment must include both of the parties. Any property owned by the wife alone would not, under the authorities above cited, be bound by the judgment in question, nor would the property held by her husband and her by entireties be bound.

The decree is affirmed; the plaintiff to pay the costs.