## Tioga Trust Co., to use, v. Home Owners' Loan Corp.

*J. Hibbs Buckman*, for plaintiff.

*Francis S. Cantrell, Jr.*, for defendant.

LEWIS, J., August 20, 1941.—The pertinent facts as stipulated by the parties to this case stated are as follows:

On January 13, 1928, plaintiff bank entered a judgment upon a note against "Margaret E. Kelley and Joseph T. Kelley". This "Margaret E. Kelley" was the same person as one "Margaret Kelly", who, with her husband, Thomas Kelly, was registered as the owner of 1919 North Judson Street. The judgment, quite naturally, was entered and indexed as against "Mar-

garet E. Kelley". The husband, Thomas Kelly, died March 21, 1931. The judgment was revived on November 25, 1932, again against "Margaret E. Kelley and Joseph T. Kelley". On December 19, 1934, "Margaret Kelly", widow of Thomas Kelly, executed a mortgage upon 1919 North Judson Street to the Home Owners' Loan Corporation. This mortgage was executed in the name of "Margaret Kelly", corresponding to the registered title. Neither the note nor the judgment has been paid.

Plaintiff bank, which is about to sell the premises under a writ of execution upon its judgment, asserts that such judgment is prior in lien to the mortgage of the loan corporation. This question of priority of lien upon the premises is the sole matter presented for determination by the court.

There have been innumerable cases dealing with disputes arising by reason of the entry of liens against debtors in an incorrect form, and a review of these cases would not be particularly helpful, since such cases must always be decided upon their particular facts. In the most recent, Coral Gables, Inc., v. Kerl, 334 Pa. 441, the Supreme Court of Pennsylvania reviewed numerous cases and quoted language generally applicable to disputes involving inaccurate indexing of liens. However, the task of applying such general language to an individual case remains. In that particular proceeding the dispute was between two judgment creditors, while in the case at bar the controversy is between a judgment creditor and a mortgagee. The Coral Gables case points to a distinction between the two situations. Referring to Fourth Bleucher Building Assn. v. Halpern et al., 270 Pa. 169, the court said at page 446:

"The controversy in that case was between the mortgagee and the grantee of the purchaser at sheriff's sale, thus necessitating the consideration of other principles than those which would apply to judgment creditors

claiming priority of their respective liens. (See *Pennsylvania Company for Insurances on Lives and Granting Annuities v. Halpern,* 273 Pa., 451, 454, 455.)" From this we must conclude that the case at bar is not necessarily ruled by the decision in the Coral Gables matter.

Was the docketing and indexing of the judgment sufficient to give a future purchaser or mortgagee of 1919 North Judson Street constructive notice of the judgment lien? The law places a burden upon one who would establish a lien to docket and index his judgment with a degree of accuracy sufficient to lead a reasonably careful searcher to conclude that the lien is against the object of his search, or to suggest to the searcher the necessity of inquiry to ascertain the fact. On the other hand, the law charges a purchaser or mortgagee with constructive notice of all enforcible liens which might be discovered upon reasonably diligent search.

As we have indicated, the cases distinguish between disputes arising between two judgment creditors and those arising between a judgment creditor and a bona fide purchaser for value or a mortgagee, as in the proceeding now before us. One reason for this distinction is that a judgment creditor is attempting by his lien to bind the assets of his debtor generally, while a purchaser or mortgagee is dealing with one asset in particular.

It would seem that if a judgment creditor is to bind a particular asset as against a future purchaser or mortgagee of that asset, the burden is upon him to see that his judgment is recorded and indexed in the same name as that in which the asset is registered. Our recording system as to real estate titles is so perfected that it is a comparatively simple task to obtain the information necessary to insure proper indexing. On the other hand, to place a burden upon a purchaser or mortgagee of a particular asset to go beyond a rea-

sonable or prudent search and to require him to exhaust all possibilities, to inquire into judgments against the same family names with differing initials, to go into the docketing of every judgment entered against persons of similar family name for information not contained on the index, and to follow up judgments recorded in all other possible spellings of a common name such as Kelly, would place an unreasonable burden upon the purchaser or mortgagee. Such a requirement would make it unsafe for one to purchase real property or to lend upon the security of it.

The case which presents facts most similar to the case at bar is The Penna. Co., etc., et al. v. Halpern et al., 273 Pa. 451, which concerned a dispute between a judgment creditor and a mortgagee. The judgment was entered first, and was indexed against "Harry Halpern", while the mortgage was executed by "Harry L. Halpern". The court upheld the lien of the mortgage as against a vendee at sheriff sale upon a junior judgment, who claimed it was divested by reason of the prior judgment in the name of "Harry Halpern."

The case at bar presents the like question of the effect of the omission of a middle initial. However, the dissimilarity of names here is greater, because of the added variant spelling of the family name, "Kelly" and "Kelley". In weighing the negligence of the judgment creditor in failing to have his judgment correspond to the record of the title to the property against the "failure" of the mortgagee to discover the prior judgment, we conclude that the judgment creditor's want of due care was both the first cause and the greater negligence.

Hence, we find that the lien of the mortgage held by the Home Owners' Loan Corporation has priority. Judgment for defendant.